DAVID D. GRINNELL *vs.* JOHN SPINK.

Bristol. Oct. 28. — Nov. 5, 1879. COLT & AMES, JJ., absent.

The giving by a creditor of a receipt, not under seal, for a certain sum " in full " of a claim for a larger sum, is not of itself conclusive evidence of payment; and the payment by the debtor of the sum acknowledged in the receipt does not operate as a discharge, unless it is received in accord and satisfaction of a disputed claim.

In an action upon an account annexed, the defence of accord and satisfaction is not open under an answer containing a general denial, and alleging payment.

CONTRACT upon an account annexed for work and materials. Answer: 1. A general denial. 2. Payment.

At the trial in the Superior Court, before *Pitman*, J., without a jury, the plaintiff put in evidence tending to show that he performed labor and furnished materials for the defendant on the latter's house, to the value of $142.43; and that, at the time he rendered his bill for said amount, the defendant disputed the amount, and refused to pay the bill. It also appeared that subsequently, and before any payment was made, the plaintiff and the defendant again looked over the bill, and the defendant again objected to the amount and to the bill generally.

The defendant testified that the plaintiff then agreed to accept $120 in payment of the bill; and it was admitted that he gave the following receipt: " $120.00. Fall River, August 25, 1877. Received of John Spink one hundred and twenty dollars in full for stock and labor on his house corner Second and Cottage Streets, to date. David D. Grinnell."

The plaintiff testified that, before and after the giving of the receipt, he told the defendant that he did not propose to receipt the bill until he got it; that twelve men would decide whether he should have any more; this conversation was denied by the

defendant. The plaintiff further testified that he took his bill away; and explained the receipt by saying that he intended it for a receipt in full for $120, and no more, and that, at the time he gave it, he intended to sue the defendant for the balance.

The defendant offered the receipt in evidence; and asked the judge to rule that the plaintiff could not recover. The judge refused so to rule; and ruled that there was no defence open under the answer but that of payment; that the receipt was *prima facie* proof of this, but it was rebutted by the establishment of the plaintiff's claim for a larger sum than the amount paid; and that, under the pleadings, no question was open as to the effect of the payment as an accord and satisfaction, or of the conduct of the plaintiff as amounting to an estoppel; and ordered judgment for the plaintiff for the balance of his claim. The defendant alleged exceptions.

*N. Hatheway & J. W. Cummings*, for the defendant.

*T. H. Niles*, for the plaintiff.

GRAY, C. J. The receipt, not being under seal, did not operate as a technical release, and was not of itself conclusive evidence of payment; and there being conflicting testimony upon the question whether the sum paid was the whole amount originally due to the plaintiff, the payment of that sum would not as matter of law operate as a discharge, unless it was received in accord and satisfaction of a disputed claim. *Tuttle* v. *Tuttle*, 12 Met. 551. *Harriman* v. *Harriman*, 12 Gray, 341. The judge, before whom the case was tried without a jury, found as matter of fact that there was no payment, and rightly ruled as matter of law that the defence of accord and satisfaction was not open under the answer. Gen. Sts. *c.* 129, § 20. *Wheaton* v. *Nelson*, 11 Gray, 15. *Parker* v. *Lowell*, 11 Gray, 353. *Foster* v. *Dawber*, 6 Exch. 839.          *Exceptions overruled.*