JACOB ULSCH *vs.* GEORGE MULLER.

Essex. Nov. 3, 1886. — Jan. 10, 1887. DEVENS, W. ALLEN, & GARDNER, JJ., absent.

In an action upon a promissory note, if the answer alleges payment only, evidence is inadmissible to show the delivery and acceptance of goods, under an agreement that the price of the goods shall be taken as payment of the amount due on the note.

CONTRACT upon a promissory note for $100, dated June 21, 1884, payable to the plaintiff one year from date, and signed by the defendant. The answer alleged that the defendant had "paid the note mentioned in the plaintiff's writ, except the sum of $61.50, and the interest thereon."

At the trial in the Superior Court, before *Aldrich*, J., without a jury, the defendant offered to prove that, in addition to certain cash payments upon the note declared on, he had delivered to the plaintiff a certain number of cords of wood, which, at the time of delivery and afterwards, the plaintiff agreed should be received, and the price thereof stand, as payments upon the note to the amount of the price of said wood; and that the price had been agreed upon. The plaintiff objected to this evidence, under the pleadings, and the objection was sustained. The judge found for the plaintiff, making no deduction for the price of said wood. The defendant alleged exceptions.

*W. S. Knox,* for the defendant.

*W. F. Gile,* for the plaintiff, submitted the case without argument.

FIELD, J. The delivery and acceptance of wood, under an agreement that the price of the wood shall be taken as the payment of money due upon a promissory note, is not, in the technical language of pleading, payment of the note. Originally payment was the performance of a promise to pay money, at the time and in the manner required by the terms of the contract; but it has been extended to include the delivery of money in satisfaction of a debt, after a default has been made in payment according to the terms of the contract. If wood is delivered and received as a payment of money due on a note, it is

only by virtue of a subsequent and independent agreement to that effect, and there is an accord and satisfaction; and the agreement by which the acceptance of the wood operates as a satisfaction of the contract, and the delivery and receipt of the wood by the plaintiff under this agreement, are substantive facts, which should be set forth in the answer. *Grinnell* v. *Spink,* 128 Mass. 25. 1 Chit. Pl. (14th Am. ed.) 478, 740. See *Wheaton* v. *Nelson,* 11 Gray, 15.                *Exceptions overruled.*