# SWEDISH LUTHERAN IMMANUEL CHURCH ET AL.

## V.

# MARIA NELSON.

*Subrogation—Action Against Church and Parties " as Individuals and as Trustees "—Part Payment—Instructions.*

1. In an action against a church for money loaned, where the evidence fairly presented a question of subrogation, this court holds that an instruction which ignored that question, was erroneous.

2. In the case presented it is *held:* The evidence raising a question whether, even if the plaintiff were entitled to recover, the church should not be credited for moneys collected and paid to the plaintiff by another defendant, that this question should have been included in an instruction to the jury purporting to give the law as to the amount of recovery, if any, to which the plaintiff was entitled.

[Opinion filed January 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. EDMUND FURTHMANN and JOSEPH H. FITCH, for appellants.

. Messrs. Dupee, Judah & Willard and N. N. Cronholm, for appellee.

Gary, J.    On this record it can not be truly said that the merits are clearly with the appellee.    The suit was commenced against the church and several individuals, among whom was C. Gibson, " as individuals and as trustees of said church," and so continued until after verdict, when, by amendment, the claim against the individuals " as individuals " was stricken out.    Gibson was not served nor did he appear.    It is pretty clear that the appellee twice lent $100 to the church and received two notes, each for $100, which she understood to be obligations of the church, signed by C. Gibson, who was then treasurer of it.    She put in evidence his book as treasurer, showing that by his accounts, he reported to the church that she was a creditor of the church for those sums at the ends of the years 1879, 1880 and 1881, but the book indicated that she was paid December 27, 1882.    It is not probable, however, that she was paid any money, unless for interest.    The evidence rather indicates that on the 21st of November, 1881, she had some transactions with Gibson in which she surrendered the two $100 notes, and received from him his individual note for $450, and perhaps that she had also a note of $100, whether a new one or one of the old ones is uncertain.    She admitted collections from Gibson to the amount of $338.50. The church defended upon the theory that if she had not been paid in money, she had accepted the individual obligations of Gibson in satisfaction of the church liability.    Upon this state of the case the court gave this instruction :

" The jury are instructed that if they believe from the evidence that the defendants herein, or any one or more of them, became and were indebted to the plaintiff for sums of money loaned by the plaintiff to the defendants, or any one or more of them, at the instance and request of such defendants, and that such defendants have not repaid said sums of money or any of them, if they believe from the evidence money was so loaned, then the jury will find the issues for the plaintiff and assess her damages in such an amount as you may believe from

the evidence that the defendants, or any one or more of them, received from the plaintiff, with interest at the rate of six per cent per annum from the dates that said sums were so received from the plaintiff."

Without criticising this instruction for abstract errors, not of practical importance, there are in it two that are of practical importance.

First:  If the appellee had accepted Gibson as her debtor, by means of which he got credit in his accounts with the church, which was a question for the jury under the evidence, she ought not to recover from the church.  Whether Gibson did get credit in his accounts is, as a matter of law, perhaps indifferent between these parties, but the equity of the defense is affected by that circumstance.  If she accepted Gibson's note as satisfaction of the obligation of the church, it was not payment, and if pleaded, must be so, as accord and satisfaction. Ulsch v. Muller, 143 Mass. 379.  No jury would understand under this instruction that the change of debtors was payment.

Second:  There is a question, even if the church is the debtor, whether the appellee has not been paid on collections from Gibson considerable money which should be applied in adjusting the amount to be recovered, and the direction to assess the damages at the whole amount loaned with interest, if the borrower had not repaid any, was wrong.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*