ELIZABETH RIDER, Appellant, v. SAMUEL W. CULP *et al.*, Respondents.

St. Louis Court of Appeals, January 19, 1897.

1. **Promissory Note**: PAYMENT OTHER THAN IN MONEY: PROOF. The payment of a note or debt need not necessarily be in money, but anything of value the parties agree shall be accepted as payment, or part payment, will be treated accordingly. It was not, therefore, error to admit proof of an alleged payment on the note in suit in services rendered, under an agreement of the parties for such payment.

2. ———: ———: INDEPENDENT AGREEMENT: SUIT IN JUSTICE'S COURT: PLEADINGS. The payment of a note other than in money necessarily rests on an independent agreement, and the doctrine that when an action is begun in a court of record, where formal pleadings are required, such an agreement can not be shown under a general denial or simple plea of payment, but substantive facts of the agreement must be pleaded, has no application where the action is begun in a justice's court.

3. ———: COMPETENCY OF HUSBAND TO TESTIFY IN BEHALF OF WIFE. In a suit by the wife as indorsee on a negotiable promissory note, made payable to her husband, and by him sold and transferred to her, the husband, having no substantial interest in the matter in controversy, is not a competent witness in her behalf.

4. ———: EVIDENCE. A letter offered in evidence, in such action, from defendant to plaintiff's husband, the transferrer of the note in suit, referring to a real estate trade between the husband and another, in which defendant intimated that in that deal he was acting as the agent of such other person, which was written about six months before the consummation of the trade, and which plaintiff made no effort to show referred to that particular transaction, but which, on the contrary, defendant testified had reference to an entirely different transaction, was properly excluded.

5. ———: INSTRUCTION. An instruction to the jury to find "that there was an agreement to trade," was not improper, where there was no dispute that such an agreement had in fact been made. Though in a case where the issues were different such instruction might be prejudicial.

6. ———: INSTRUCTION: HARMLESS ERROR. An instruction to the jury, of the court's own motion, to find for plaintiff if defendant acted as the agent of another "without the knowledge or consent" of plaintiff's husband, the transferrer of the note in suit, though inaccurate in form, in using the disjunctive "or" instead of the conjunctive particle *and*, was harmless error.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED; Judge BOND concurring in the result, Judge BLAND not sitting.

*Charles S. Reber* for appellant.

An indorsee of a promissory note, transferred, even after maturity, takes it divested of all rights and claims arising out of independent transactions. *Unseld v. Stevenson*, 33 Mo. 163; *Mattoon v. McDaniel*, 34 *Id.* 140; *Arnot v. Woodburn*, 35 *Id.* 101–103; *Knous v. Given*, 110 *Id.* 58; *Hyd v. Hazel*, 43 Mo. App. 670.

Evidence tending to prove an agreement on part of L. S. Rider to allow Culp $250 as compensation for his services to go on the note as a payment, was not competent evidence under a plea of payment. 2 Danl. Neg. Inst. [5 Ed.], sec. 1221; Rap. & Laws' Law Dict.; *Ulsch v. Muller*, 143 Mass. 379; *Wheaton v. Nelson*, 11 Gray, 15; *Cook v. Cook*, 24 S. C. 204.

Where a husband has a substantial interest in the matter in controversy, he is a competent witness. *Fugate v. Pierce*, 49 Mo. 444–446; *Cooper v. Ord*, 60 *Id.* 430; *Steffen v. Bauer*, 70 *Id.* 404; *O'Bryan v. Allen*, 95 *Id.* 74.

The court erred in excluding letter written by Hollis to Culp. *Sullivan v. R. R.*, 34 S. W. Rep. 569; *Gorham v. Auerswald*, 53 Mo. App. 132; *Short v. Bohle*, 64 *Id.* 242. Also in excluding letter written by Culp to Rider. *Schlecker v. Gooden*, 19 Mo. App. 479–485.

Instruction number 1 given by court of its own motion is erroneous, because it assumes the existence of a material controverted fact. *Dulaney v. Refining Co.*, 42 Mo. App. 659–662; *Rindall v. R. R.*, 34 *Id.* 682; *Merriwether v. Cable Co.*, 45 *Id.* 528, 531; *Gay v. Tielkmeyer*, 64 *Id.* 634–643. See, also, *Chapman v. Currie*, 51 Mo. App. 40–43, and *Noonan v. Roseman*, 59 *Id.* 682–685, as to when an agent acting for both parties can recover commissions.

Instruction number 5 is erroneous because it submits a question of law to the jury; that "there was an agreement of trade." *Fugate v. Young*, 6 Mo. 267–273; *Morgan v. Durfee*, 69 *Id.* 469; *Carroll v. Campbell*, 110 *Id.* 557–571; *Speak v. Dry Goods Co.*, 22 Mo. App. 122, 123; *Wright v. Fouds*, 44 *Id.* 634–643; *Kendall Boot & Shoe Co. v. Bain*, 46 *Id.* 581–590.

*Young & Brown* and *J. E. & J. F. Merryman* for respondents.

BIGGS, J.—This action was begun before a justice of the peace. The plaintiff sues as the indorsee of a negotiable note which was executed by the defendants and made payable to L. S. Rider, the plaintiff's husband. The note is for $250, is dated April 10, 1891, and matured October 10, following. The plaintiff claims to be the purchaser and indorser of the note before its maturity. The defense which was made orally is to the effect that the alleged purchase of the note by the plaintiff was after its maturity; that on or the day before the note matured, to wit, October 9 or 10, 1891, and while L. S. Rider still held the note the defendant S. W. Culp, represented Rider in a certain real estate transaction, in which it was agreed that Culp's compensation should be $250, and that that

amount should be credited on the note. The defendants admitted that they owed the interest, which they offered to pay. The recovery both before the justice and in the circuit court was for the interest only, and from these judgments the plaintiff by successive appeals has brought the case here for review. She assigns many errors, which will be noticed in their order.

The chief complaint is that the court erred in admitting proof of the alleged payment upon the grounds that payment is not a contract, but is the discharge of a contract, and that the alleged equities of the defendants are in nowise connected with the note itself. In reference to the last proposition we can only say that counsel misapplies the principle of the cases cited, and that he also misconceives the law applicable to the first proposition. The payment of a debt need not necessarily be in money, but anything of value which the parties agree shall be accepted or go in payment or part payment of a debt, will be treated accordingly. Thus it is held that a check or the note of a third person will, when so expressly agreed, be treated as a payment or satisfaction of a debt. Our reports are full of such decisions, which need not be cited. The defendant's evidence tended to prove that S. W. Culp acted as the agent of Rider in the exchange of some horses for a house in Kansas City; that Culp brought the parties together, that the terms of the trade were discussed and agreed on, and that at the conclusion of the negotiations the compensation of Culp was fixed at $250, and that it was then agreed that Rider should enter that amount as a credit on the note. These facts, if true, entitled the defendants to the credit claimed, provided Rider at the time held the note, of which there is some evidence.

*PROMISSORY note: payment other than in money: proof.*

A payment other than in money must necessarily rest on an independent agreement, and where the action is begun in a court of record, where PAYMENT: independent agreement: justice's court: pleadings. formal pleadings are required, such an agreement can not be shown under a general denial or a simple plea of payment, but substantive facts of the agreement must be pleaded. This is substantially the only point of decision in the cases cited and relied on by plaintiff's counsel. *Ulsch v. Muller*, 143 Mass. 379; *Wheaton v. Nelson*, 11 Gray, 15. The doctrine of these cases can have no application where the action originates before a justice of the peace.

The plaintiff introduced L. S. Rider, the husband of the plaintiff, to prove that Culp did not act as his agent in the real estate trade between the witness and one Hollis. The court held that he was COMPETENCY of husband to testify in behalf of wife. not a competent witness. This ruling was correct. At common law husband and wife were not allowed to testify for or against each other, for the reason that their interests were one, and on grounds of public policy to preserve the harmony of the marriage relation. These disqualifications have been expressly removed by statute where it appears that the business in hand has been transacted by one of the spouses as the agent of the other. R. S. 1889, sec. 8922. The statute removing the disability of witnesses by reason of interest (section 8918), has been so construed as to permit either husband or wife to testify for or against each other, provided the one offering to testify has a substantial interest in the controversy. *McKee v. Spiro*, 107 Mo. 452; *Brownlee v. Frederick*, 103 Mo. 420; *O'Bryan v. Allen*, 95 Mo. 68. It affirmatively appears by the plaintiff's evidence that Rider sold and transferred the note to plaintiff, which deprived him of all interest in the note itself.

It is not necessary to decide whether his contingent liability as an indorser would qualify him to testify, as there is no evidence tending to prove that the necessary steps were taken to fasten such a liability on him. We must therefore hold that he was not a qualified witness and that the court did right in refusing to allow him to testify.

A letter from Culp to Rider, dated April 4, 1891, was offered in evidence by plaintiff, which the court

EVIDENCE.

excluded. The letter referred to some real estate trade between Rider and Hollis, in which Culp intimates that in that deal he was acting as the agent of Hollis. This letter was written almost six months prior to the consummation of the trade in question, and the plaintiff made no effort to show that the letter referred to that particular trade. On the contrary, Culp testified that it had reference to an entirely different transaction. We think that the letter was properly excluded.

At the instance of the defendants the court instructed the jury as follows, of which the plaintiff complains:

"The court instructs the jury that, if they believe from the evidence that L. S. Rider, the payee of the

INSTRUCTION.

note sued on, employed the defendant, Samuel W. Culp, to secure him a trade or exchange for a lot of horses, and that in pursuance of said employment, the said Culp secured for him a party ready, able, and willing to trade for said horses, and that he brought said Rider and said party together, and that about October 10, 1891, they came to a satisfactory agreement of trade, acceptable to both, and that the said Rider, at said time, agreed that he would pay and allow the said Culp the sum of two hundred and fifty ($250) dollars for his services, in bringing about said agreement of trade, the same to

go on the said note sued on as a payment thereon, and that at said time the said L. S. Rider held said note, and had not sold or negotiated it for value, then the court instructs you that the said agreement would operate as a payment on said note, and any subsequent holder of said note would only be entitled to recover whatever may remain on said note, after allowing said credit of two hundred and fifty dollars; unless you further find that at said time the said Culp was acting as the agent of W. J. Hollis, as in another instruction explained.''

The objection made to this instruction is that it submits to the jury a question of law, in that it required the jury to find ''that there was an agreement to trade.'' There is no dispute that such an agreement was in fact made. The letters which plaintiff read in evidence tend strongly to prove it. The plaintiff's only contention at the trial was that Culp acted as agent for both parties, and therefore he could not lawfully exact commissions from either. It may be conceded that the instruction, in a case where the issues were different, might be prejudicial, but we can not conceive how the plaintiff was prejudiced.

The court of its own motion gave the following instruction, to which the plaintiff excepted:

''The court instructs you that if you believe and find from the evidence that the defendant, S. W. Culp, without the knowledge or consent of L. S. Rider, acted for and as the agent of W. J. Hollis, in the exchange of the horses of L. S. Rider for the house and lot of said W. J. Hollis, then the court instructs you that said defendant Culp is not entitled to recover and your verdict should be for the plaintiff for the full amount claimed, viz: $250, and interest from April 10, 1891, at 10 per cent.''

INSTRUCTION: harmless error.

The instruction is incorrect in form in requiring the jury to find for the plaintiff if Culp acted as the agent of Hollis "without the knowledge *or* consent of Rider." To have been accurate the instruction should have read "without the knowledge *and* consent of Rider." The error we think was harmless. The only witness who testified as to the agency was Culp. He denied positively that he in any manner represented Hollis. Some letters of his were read in evidence, which tended to contradict him. If there had been any claim on the part of the defendants that Culp did act for both Hollis and Rider, and that the double employment was known and consented to by each, then the plaintiff would have reasonable ground of complaint. The defendants' instruction fully and fairly submitted the true issue to the jury. The instruction of the court served no good purpose, but we do not think either party has any just ground of complaint on account of it.

Other questions are discussed in the briefs, but we do not deem it necessary to give them particular notice, as the result would be the same.

The judgment of the circuit court will be affirmed. Judge BOND concurs in the result; Judge BLAND not sitting.