ADOLPH SOMMER, Appellant, v. W. A. BRYSON, Respondent.

Kansas City Court of Appeals, February 17, 1913.

TRIAL BY COURT: Instructions: Presumption. Where a cause
   is tried by the court without a jury and no instructions are
   asked to indicate the theory of law entertained by the court,
   it will be presumed to be a correct one, and if there is any
   substantial evidence tending to support the finding, the judg-
   ment will be affirmed.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover*, Judge.

AFFIRMED.

   *Williams, Hunter & Guffin* for appellant.

   *G. W. Duvall* for respondent.

   ELLISON, J.—Plaintiff's action, begun before a
justice of the peace, is based on a claim of $59.53 and
interest due on a guaranty by defendant of certain
merchandise, and interest "on personal account," all
aggregating $66.88. Defendant filed a counterclaim
for "commissions" in the sum of $300 and interest
at six per cent from December 15, 1910. On appeal
to the circuit court plaintiff was allowed $64.96 and
defendant allowed on his counterclaim $326.25. Plain-
tiff thereupon appealed to this court.

   Whatever merit there may have been originally in
plaintiff's objection to defendant's counterclaim,
there is none at this stage, after the facts have been
found against him on a trial properly conducted. There
were no instructions asked and the trial was without
a jury.

   It seems that plaintiff manufactured a product
known as "viscol" and that defendant was his exclu-
sive agent for its sale in Kansas City and vicinity,

under a contract dated December 1, 1904. Plaintiff claims that this contract was abandoned or superseded by one dated November 10, 1905, and that therefore defendant's counterclaim based on the first contract should not have been allowed. But there was evidence tending to show that each party regarded the first contract as in force for several years after the alleged second contract. Furthermore, there was evidence tending to prove that the paper designated as the second contract was not regarded as a contract signed by both parties, but more in the nature of a bond.

There was ample evidence tending to support the charge made by defendant for commissions. Where no instructions are asked to indicate the trial court's view of the law, it will be presumed that it took the correct view. [Bethune v. Railroad, 139 Mo. l. c. 580; Gibson v. Bailey Co., 114 Mo. App. 350, 357.]

The objection to testimony was not well taken. Finding no error affecting the merits of the action, the judgment is affirmed. All concur.