CALEB WINFREY, Respondent, v. T. A. MATTHEWS, Appellant.

Kansas City Court of Appeals, December 1, 1913.

1. **PRACTICE, TRIAL: Instructions: Finding Conclusive.** Where a jury is waived and cause submitted to the court without declarations of law, if there is any substantial evidence to support the finding it will be upheld on appeal; and if there is any theory of law under the evidence and pleading which will support the judgment it will be affirmed.

2. **BILLS AND NOTES: Payment: Burden.** On a plea of payment, the notes being admitted, the burden is on the defendant to sustain his plea.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

AFFIRMED.

*J. H. Hawthorne* and *S. L. Mathews* for appellant.

*Isaac Tavenner* and *A. R. Strother* for respondent.

ELLISON, P. J.—This action is based on eleven promissory notes. The defense was payment, and a counterclaim, but the latter was abandoned. The judgment in the trial court was for the plaintiff.

A jury was waived and the case was submitted to the trial court without any declarations of law being asked or given. We find it impossible to sustain this appeal without violating fundamental rules of law, viz., that where a jury is waived and no declarations given, the court is intrusted with the decision of both law and fact and if any substantial evidence supports the finding on the facts and if any theory of the law will support the judgment under the evidence and the pleading, there is no ground for appeal. [State ex rel. v. Staed, 143 Mo. 248; Sommer v. Boyson, 168 Mo. App. 335; Rice v. McCluer, 74 Mo. App. 383.]

The plea of payment put the burden on defendant to prove it. [Ferguson v. Dalton, 158 Mo. 323; Rider v. Culp, 68 Mo. App. 527.]

It is insisted in defendant's briefs that improper evidence was admitted, in that it concerned matters pertaining to a compromise. That was not stated to the trial court as a ground of objection. And it therefore does not give defendant ground for complaint on appeal. But waiving that, we think the evidence was entirely proper in every respect.

Objection was made to the admission of a pencil memorandum of statements made by defendant in the latter's presence. The ground of objection was that counsel "could not see how it has anything to do with this matter." We think it was directly pertinent to the case and the objection was properly overruled.

The alleged payments on the notes were said to consist, among other things, of a variety of business transactions and services rendered by defendant. That plaintiff and defendant owned an interest in a fruit farm in Howell county. And that defendant bought of plaintiff a half interest in a hardware store and that defendant took charge of it and was to be credited on one of the notes for his services. That they sold the store and that plaintiff collected all the purchase price agreeing to credit defendant. That defendant paid all of a joint note they owed and was to receive credit from plaintiff for one-half thereof. There is no need of further specification. Nor is there any necessity to set out evidence in detail and we need only say that if that for plaintiff is to be believed the judgment was properly rendered for him. We think the error made by defendant is in considering the evidence in his behalf, under the rule above stated, whereas, with the finding against him, it is only evidence for the plaintiff we need consider.

The judgment must be affirmed. All concur.