IN RE CLAIM OF J. C. RHOADES, APPELLANT, v. ESTATE OF ELIJAH ROBINSON, DECEASED, HARRIS ROBINSON, ADMINISTRATOR, ETC., RESPONDENT.[*]

Kansas City Court of Appeals. May 21, 1928.

*Corpus Juris-Cyc References: Evidence, 22CJ, section 440, p. 370, n. 2; section 909, p. 798, n. 73; Executors and Administrators, 24CJ, section 1120, p. 401, n. 24; Witnesses, 40Cyc, p. 2678, n. 22.

*John D. Wendorff* for appellant.

*Clif Langsdale* for respondent.

WILLIAMS, C.—This case comes to us from the circuit court of Jackson county. The suit was instituted in the probate court of

Jackson county and is a claim against the estate of Elijah Robinson, deceased, Harris Robinson, Administrator.

A claim for $1674.05 with interest thereon from July 31, 1921, to October 2, 1923, was duly exhibited against the said estate. From an adverse decision in the probate court plaintiff appealed to the circuit court, and from the adverse judgment in the circuit court the case is brought here on appeal.

The facts show that on June 15, 1916, J. C. Rhoades, appellant herein, recovered a judgment against the Chicago Great Western Railroad Company in the sum of $7000. This judgment was reduced by the Supreme Court to $4500, and which, with interest added, amounted to $4983.33 to July 1, 1921. On July 31, 1921, Judge ELIJAH ROBINSON, as attorney for appellant, collected the judgment and satisfied the record.

During the progress of the case appellant Rhoades, the claimant, was put upon the stand and asked whether or not he received the money so collected by Judge ROBINSON. The Abstract of the Record shows the following objection:

"MR. LANGSDALE: Just a minute. At this point I want to object to the introduction of any testimony by this witness with reference to any relationship he may have had with Judge ELIJAH ROBINSON during his lifetime with reference to any conversation he may have had with him during his lifetime, or any discussion or business transactions of any kind or character pertaining to the claim under this petition, for the reason that Judge ROBINSON is dead, and the other party to those conversations and transactions, and so forth, cannot testify with reference to anything that occurred or transpired."

This objection was sustained.

No form of pleadings were filed but the case was defended on the theory that Judge ROBINSON, during his lifetime, paid the money to the appellant. The evidence on this point as set out by the record, shows that Harris Robinson, over the objection of appellant, testified as follows:

". . . I talked to Kackley about the different cases, the status, among others this case. I also knew that my father had loaned Mr. Rhoades $700 some time before this and had a note for it. I asked Kackley where the note was, what the status of the case was. He said 'Oh, that has all been settled and paid,' Rhoades had probably got his note back."

The plaintiff asked the court to instruct the jury as follows:

"The court instructs the jury that if you believe and find from the evidence that Judge ELIJAH ROBINSON received the money and satisfied the record in case No. 94849, the burden is upon defendant

to show that the same was paid over and received by plaintiff herein.''

The verdict was rendered for the defendant and after an unsuccessful motion for a new trial, the plaintiff appeals.

The first point urged for reversal, is that the court committed error in allowing Harris Robinson to testify as set out above. This conversation, of course, did not occur in the presence of the claimant, plaintiff herein. Kackley was associated with Judge ROBINSON in the litigation between the plaintiff herein and the railroad company, and it is contended by reason of this fact that his admissions were competent.

Declarations of the agent are admissible only when transacting the business of the principal and as a part of the transaction. [Adams v. The Hannibal & St. Joseph Railroad Company, 74 Mo. 553; Stipel v. Piggott et al., 269 S. W. 942.] Applying this principle to the conversation related by Judge HARRIS ROBINSON as to the statement of Kackley, we do not think it was competent. Kackley was not a party to this record. The conversation with Judge HARRIS ROBINSON occured long after the death of Judge ELIJAH ROBINSON, and the money had been collected years before. Of course, if Kackley knew of the payment by Judge ROBINSON he could testify to it. We think for this reason the case will have to be reversed and remanded.

Questions here presented may arise in a re-trial, therefore, we will discuss them.

The admission in evidence of the petition filed in the case of Rhoades v. National Surety Company, is assigned as error. This case grew out of the case of Rhoades v. Chicago Great Western Railroad Company, and might be competent as a circumstance showing who the attorneys for Rhoades were if that were a disputed point.

It is next contended that the court erred in allowing it to be shown that Claud M. Kackley had to be served with a *subpoena duces tecum* to bring on Rhoades papers to the probate court. There was nothing improper in the service of a *subpoena duces tecum* as it is the means provided by law to have a witness bring documents into court. We think any testimony along this line was incompetent, unless coupled with evidence tending to show unfairness or hostility on the part of the witness.

It is next contended that the appellant should have been allowed to testify that he did not receive the money on this judgment. The case of Elsea v. Smith, 202 S. W. 1071, is relied on. In Elsea v. Smith, the objection was too general and sweeping. We do not think the objection, in the case at bar, falls within the rule of Elsea v. Smith. Doubtless on a retrial the objection can be so framed as to avoid any question.

It is next contended that the court erred in modifying instruction No. 1 asked by plaintiff. We think the modification was proper as it simply told the jury that if none of the money had been paid, the jury would find for the plaintiff.

It is next contended that the court erred in refusing to instruct the jury that the burden was on the defendant to show that the money was paid to plaintiff if they found that Judge ELIJAH ROBINSON received the money. We think payment is an affirmative defense, and the burden under this record was on the defendant to show payment, and after the money was admitted collected by·Judge ROBINSON it was necessary for the administrator to show a payment. [Parker v. Harrison, 129 S. W. 1026; Winfrey v. Matthews, 161 S. W. 583; Kines v. Jamison, 277 S.·W. 969.]

The judgment is reversed and the cause remanded. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the Court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.