ALICE F. MARR, executrix, *vs.* JAMES J. HEGGIE.

Suffolk.    October 4, 1944. — November 30, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Payment.*

Evidence, that, at a time when a balance remained due on a note, the parties in a single negotiation agreed upon a certain cash payment with a setting off of an unliquidated obligation of the lender to the borrower for services in a sum sufficient, with the cash payment, to equal the amount so remaining due, and that such agreement was carried out and the note returned by the lender, was admissible to show payment under an answer setting up only the defence of payment in an action upon the note.

CONTRACT. Writ in the Municipal Court of the City of Boston dated January 12, 1943.

On removal to the Superior Court, the case was tried before *Brogna,* J.

*H. Bergson,* for the plaintiff.

*A. M. Donahue,* for the defendant, submitted a brief.

QUA, J. This is an action for a balance alleged to be still due out of the sum of $4,000 lent by the plaintiff's testator to the defendant. The defendant relied solely upon payment as a defence. There seems to have been no question but that the loan was evidenced by the defendant's note for $4,000 payable to the plaintiff's testator. At any rate, after a verdict for the defendant, the plaintiff states in her brief, in substance, that the only issue is whether the evidence introduced by the defendant tended to show payment or whether it tended to show only an accord, which is not the same as payment, must be pleaded separately, and could not be shown under an answer of payment. *Grinnell* v. *Spink,* 128 Mass. 25. *Ulsch* v. *Muller,* 143 Mass. 379. *Corrigan* v. *Payne,* 312 Mass. 589, 590, 591.

The defendant testified to several payments on account corresponding with items of payment credited to him in

the plaintiff's declaration and, subject to the plaintiff's exception, was permitted to give further testimony from which the jury could find that the plaintiff's testator owed the defendant a sum of money, the amount of which had not been fixed, for services rendered by the defendant to the testator; that the testator and the defendant agreed that upon the payment by the defendant of $540 more in cash on the note the parties would set off the obligation for services against the balance still remaining due on the note; that this agreement was carried out, and the note was delivered back to the defendant. The jury could find that the net result of this transaction was to liquidate the sum due for services at the same amount as the balance due on the note (after payment of the $540) and to cancel out both obligations.

It is settled that the mutual cancellation by agreement of cross debts of the same amount, both actually due in money, is a technical payment of each debt. *Breck* v. *Barney*, 183 Mass. 133. *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138, 143–144. *Automatic Time Table Advertising Co.* v. *Automatic Time Table Co.* 208 Mass. 252, 257–258. *McGuinness* v. *Kyle*, 208 Mass. 443, 445–446. *Ryan* v. *Whitney*, 257 Mass. 218, 225. In the cases cited by the plaintiff, *Wheaton* v. *Nelson*, 11 Gray, 15, *Grinnell* v. *Spink*, 128 Mass. 25, *Ulsch* v. *Muller*, 143 Mass. 379, and *Vrusho* v. *Vrusho*, 258 Mass. 185, there was no cancellation of mutual debts, both due in money of the same amount. On the contrary there was an acceptance in satisfaction of the obligation of something other than the money due, or of a less amount, and therefore an accord rather than a payment.

There is, of course, no doubt that parties to an unliquidated claim may liquidate the amount by mutual agreement. *Alvord* v. *Marsh*, 12 Allen, 603, 605–606. *Chamberlain* v. *Barrows*, 282 Mass. 295, 298–299. *Sherman* v. *Sidman*, 300 Mass. 102, 105. Williston on Contracts (Rev. ed.) § 128. We see no reason why the two processes of liquidating at a fixed amount an unliquidated claim and then cancelling it against a cross claim of the same amount

may not be carried through in the same negotiation. The former process may· be an accord as to the unliquidated claim, but the latter process is a payment of both claims.

Since the defendant's evidence tended to show payment, it was rightly admitted, and it warranted a verdict for the defendant.

*Exceptions overruled.*