*Northern District*
No. 4616
**HAROLD O. BARKER, d/b/a**
**v.**
**ZAVIL FRUTMAN**
(February 4, 1953)

*CAVAN, J.* This is an action of contract, on an account annexed, for labor and materials furnished to the amount of $1,146.04.

The defendant has paid $1,000.00, and the plaintiff seeks to recover the balance, $146.04. The answer is a general denial.

There was evidence that the plaintiff, a contractor, did carpentry work and furnished materials for the repair of the defendant's real estate in Chelsea; that, upon completion of the work, the defendant received a statement from the plaintiff of charges for labor and materials furnished, totaling $1,146.04, and that said charges were fair and reasonable.

There was also evidence that the defendant, after receipt of said statement, asked the plaintiff to give him a break; that the plaintiff replied that he could not give him a break; that the defendant offered the plaintiff a check for $1,000.00, on the reverse side of which were the words, "Paid in full to date,"; that the plaintiff, in order to procure the check, wrote out a receipt as follows: "January 28, 1948, received from Mr. Frutman, 61 Cottage Street, Chelsea $1,000.00 for work, paid in full."; that, upon obtaining the check, the plaintiff told the defendant that he would sue him for the balance of $146.04; that the plaintiff endorsed said check for his own deposit, and that the bill, which the plaintiff had given to the defendant, had not been marked paid in full, nor receipted in any manner by the plaintiff.

The defendant made the following request for ruling:

"If the amount claimed by the plaintiff, originally, was a disputed amount, and then compromised for $1,000.00, the plaintiff cannot recover the balance." The judge granted the request, but ruled that it was not applicable to the facts as found by the Court.

The facts found were as follows: "I find as a fact that the amount claimed by the plaintiff originally was not a disputed amount and compromised for $1,000.00."

"I find the plaintiff has performed work and labor and supplied materials for and at the request of the defendant in the sum of $1,146.04 and that the plaintiff presented a bill to the defendant demanding that amount; that the plaintiff received a check for $1,000.00 from the defendant marked 'paid in full,' and asked the plaintiff to receipt the bill which he refused to do."

There was a finding for the plaintiff in the sum of $146.04.

The defendant claims to be aggrieved by the finding for the plaintiff for $146.04.

The defendant did not plead accord and satisfaction in his answer, and it cannot be proved without such a plea. *Parker* v. *Lowell*, 11 Gray 353; *Grinnell* v. *Spink*, 128 Mass. 25; *Hale* v. *Dodge*, 324 Mass. 51 at 52.

This was a liquidated claim and the evidence reported does not, as a matter of law, require the conclusion that the check was offered and accepted in discharge of all the plaintiff's claim against the defendant.

"The indorsement on the back of the check was in form a receipt 'in full settlement of all balances, dues and demands for service and/or other obligations to date' but it contained no words of release or discharge and did not purport to embody an agreement. . . . It purported to recite

facts and, as against the plaintiff, was evidence of the facts recited but it was not conclusive and could be explained or contradicted by other evidence." *Rosenblatt* v. *Holstein Rubber Co.*, 281 Mass. 297, 301.

There was evidence which warranted the judge's findings, and, as no error of law has been shown, the report is to be dismissed.

Samuel Leader, for the plaintiff.
No Brief for the defendant.