## OTIS TWITCHELL *vs.* WILLIAM A. SHAW.

An execution issued by a court of competent jurisdiction is a legal justification to an officer for taking and selling the judgment debtor's property thereon, and he is not bound to investigate the genuineness or sufficiency of a receipt shown to him by the debtor, in settlement of the judgment.

THIS was an action of trespass against the defendant, as a constable of the town of Wales, for taking two harnesses, the property of the plaintiff, originally brought before a justice of the peace, and amended into an action of the case.   The cause was submitted to the court of common pleas, and by appeal to this court, upon an agreed statement of facts.

From the statement of facts it appeared that judgment in an action in which one Michael Kelly was plaintiff, and Twitchell was defendant, was rendered by Alfred Needham, Esq. a justice of the peace for the county of Hampden, in favor of Kelly; that an execution was issued thereon, bearing date the 21st of November, 1849; that the writ on which the judgment was founded, was made and entered by Absalom

Gardner, Esq. who was not, and is not an attorney of the courts, and had no appointment in writing from Kelly, and that a trial was had in the cause, Kelly being present, and Gardner acting as his attorney therein; that on the 21st of November, at about 9 o'clock, A. M. Needham issued the execution as aforesaid, and delivered the same to Gardner, he paying Needham his fees as a magistrate in the case; that afterwards on the same day, before 10 o'clock, A. M. Gardner put the execution into the hands of the defendant in this action, for service, with directions to collect the same; that afterwards on the same day, at about 1 o'clock, P. M. Twitchell and Kelly met at the house of Daniel N. Green, in the town of Brimfield, about four miles from the residence of Twitchell and Shaw, when and where three dollars were paid to Kelly by Twitchell, and a writing was executed by the former therefor, and delivered to Twitchell; that at this time Twitchell and Kelly supposed that no execution had been issued on the judgment, and the latter personally gave no directions for the issuing or service of an execution thereon; that in the afternoon of the same day, Twitchell went to Needham and presented a writing to him, and requested him not to issue an execution on the judgment, when he was informed by Needham that an execution had been already issued thereon, and delivered to Gardner; that, thereupon, Twitchell went to Shaw, who said that he had the execution in his hands but had not served it; that Twitchell then showed the writing to Shaw and requested him not to serve the execution, which writing was read by Shaw, and then returned to, and taken away by Twitchell; that a short time after this on the same day, Shaw proceeded to the premises of Twitchell and took, on the execution, the property described in the present action, and afterwards sold one of the harnesses mentioned, and returned the other to Twitchell who received the same; that at the time of this taking, Shaw was forbidden to do so by Twitchell; that Green went with Twitchell to see Needham and Shaw, at the time and place before mentioned, and stated to them that he was present at the settlement between Kelly and Twitchell, and saw the money paid, and the receipt and

discharge executed and delivered. It was agreed that if the action is maintainable, the damages should be the same for which one of the harnesses sold on the execution.

This case was argued and decided as of the September term, 1851.

*R. A. Chapman*, for the plaintiff.

*H. Morris*, for the defendant.

BY THE COURT. The receipt which is made part of the case, is not produced; but we understand that it was not a release under seal, but a receipt for three dollars in full satisfaction of the debt. We are strongly inclined to the opinion that as between the parties, a receipt for a smaller sum cannot operate as the discharge of a larger, because it is without consideration for the excess, and is not an accord and satisfaction. *Brooks* v. *White*, 2 Met. 283; *Tuttle* v. *Tuttle*, 12 Met. 554. But another ground appears to us decisive. We do not understand that after the execution was delivered to the officer for service, the plaintiff, the execution creditor, gave him notice not to serve it. The debtor exhibited his receipt, and offered a witness to prove the settlement. But the officer was not bound to investigate the genuineness or sufficiency of the receipt; he held an execution from a court of competent jurisdiction, and that was a legal justification to him for taking and selling the present plaintiff's property. No action, therefore, either of trespass or case can be maintained against him by the present plaintiff. *Wilmarth* v. *Burt*, 7 Met. 257. The plaintiff not having directed the officer to discharge the execution, or forbear serving it, the question whether he could do so, and thereby take away the *lien* of the person acting as attorney, or whether he had a *lien* does not arise.

*Judgment for the defendant.*