M. E. HALL Co. vs. BERNARD L. GALE & others.

Suffolk.    January 18, 1924. — February 29, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Appeal, Finding by trial judge.    *Contract,* Consideration, Performance and breach.

Findings by a trial judge at the hearing of a suit in equity where the evidence, which was largely oral, was taken by a commissioner appointed under Equity Rule 35, must stand if the evidence shows that the findings were not unwarranted.

If an agreement to release one of two partners from a debt owed by the partnership is founded upon a valuable consideration, it is binding although the consideration may not be adequate.

One to whom a partnership, composed of two partners, was indebted addressed to one partner a letter reading as follows: " You are hereby notified that in order to facilitate the transfer of the assets of the . . . [partnership] to . . . [the other partner], I release you from all personal liability on account of any merchandise sold by me to the . . . [partnership], and will look for payment of all bills due me from the . . . [partnership] to . . . [the other partner] which he assumes." *Held,* that the agreement was founded upon a valuable and sufficient consideration.

At the trial of a suit by a corporation against two persons who were formerly partners to enforce payment of a debt owed by the partnership, where it appeared that the plaintiff had released one of the partners in consideration of the other partner's assuming the debt, a statement by the other partner to the plaintiff's treasurer, that for the purpose of paying the plaintiff's claim against the partnership the released partner had promised to procure a loan for a corporation to which the assets of the partnership had been conveyed, could not bind the released partner where it appears that the statement was made in his absence and after the partnership had been dissolved.

BILL IN EQUITY, filed in the Superior Court on July 27, 1923, against Bernard L. Gale and James P. McKeever, formerly copartners doing business under the name and style of Gale Manufacturing Company, Samuel W. Gale, associated with the defendant Bernard L. Gale in a partnership doing business under the name Gale Bros., and Blue Ribbon Cut Sole Company, a corporation, seeking to have a debt of the Gale Manufacturing Company to the plaintiff established, to have a sale of that partnership's assets to the

defendant corporation declared fraudulent and void, and to have the defendants Bernard L. Gale and James P. McKeever pay the amount of the plaintiff's claim.

The suit was heard by *Wait,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Findings made by the judge are described in the opinion. By order of the judge, a final decree was entered adjudging that the defendant James P. McKeever was indebted to the plaintiff in the sum of $3,093.39 with costs and that the plaintiff was entitled to reach that defendant's interest in the stock of the Blue Ribbon Cut Sole Company; and that the bill be dismissed as to the other defendants. The plaintiff appealed.

*F. M. Carroll,* for the plaintiff.

*H. Kahn, M. H. Slobodkin & B. Beerman,* for the defendants, submitted a brief.

CROSBY, J. The defendants Bernard L. Gale and James P. McKeever were formerly engaged in the leather business, as copartners, under the name of Gale Manufacturing Company, and on April 23, 1923, the firm owed the plaintiff a balance on account of $3,037.69. The partnership was dissolved in March, 1923, and McKeever retired from the firm.

Thereafter, he entered into negotiations with Gale for the purchase of the firm assets, which were to be transferred to a corporation to be organized by McKeever and called the Blue Ribbon Cut Sole Company. At a later date the plaintiff, in consideration of the transfer by Gale of the assets of the Gale Manufacturing Company to McKeever, agreed to release Gale from all liability on account of his indebtedness to the plaintiff for merchandise sold by it to the Gale Manufacturing Company, and to look to McKeever for the payment of such indebtedness. The agreement so entered into is contained in a letter from the plaintiff to Gale as follows: " You are hereby notified that in order to facilitate the transfer of the assets of the Gale's Manufacturing Company to James P. McKeever and in consideration of such transfer by you to Mr. McKeever, I release you from all personal liability on account of any merchandise sold by

me to the Gale's Manufacturing Company, and will look for payment of all bills due me from the Gale's Manufacturing Company to James P. McKeever which he assumes. I acknowledge the receipt of $200.00 on April 21, 1923 from Mr. McKeever an account of the said account." The defendant Gale sold and transferred the assets to McKeever in accordance with terms of the foregoing letter, and took in payment therefor McKeever's unsecured notes for $4,000. On or about May 4, 1923, McKeever caused to be organized the corporation above referred to and turned over to it the assets received from Gale.

It is the contention of the plaintiff that the transfer of the firm assets to McKeever, and by him to the corporation, is fraudulent as to the creditors of the Gale Manufacturing Company; that there was no valid consideration for the release, and that Gale was bound by statements made by McKeever to the plaintiff before the release was delivered, to the effect that Gale had promised to procure loans for the corporation so that the plaintiff's claim would be paid. The trial judge found that Gale made the conveyance to McKeever in good faith, relying on the promise of the plaintiff contained in the release, and that there was no fraud for which Gale was responsible. The findings by the trial judge are conclusive and must stand, as the evidence (which is made a part of the record) shows that they were not unwarranted.

The plaintiff properly concedes that, if this court is without power to revise the findings, the plaintiff is bound by them. It contends, however, that this court stands in the same position as the trial judge, and relies on the rule stated in *Old Corner Book Store* v. *Upham*, 194 Mass. 101, 106, and in *Mansfield* v. *Wiles*, 221 Mass. 75, that when the evidence is documentary, or does not depend upon the credibility of witnesses, this court is in the position of the trial judge with reference to inferences of fact to be drawn from the evidence. That rule is not applicable to the case at bar, as the evidence was largely oral and the testimony of witnesses conflicting, and the judge had a better opportunity to decide upon their credibility.

The plaintiff's agreement to release Gale from liability to it, if Gale transferred the property of the manufacturing company to McKeever, so that the latter might convey it to the Blue Ribbon Cut Sole Company, was founded upon a valuable and sufficient consideration. If the consideration is valuable it need not be adequate. *Train* v. *Gold,* 5 Pick. 380. *Barnett* v. *Rosen,* 235 Mass. 244, 249. The statement made by McKeever to the plaintiff's treasurer that Gale had promised to procure a loan for the corporation for the purpose of paying the plaintiff's claim against the Gale Manufacturing Company, could not bind Gale; it was made in his absence, and after the partnership had been dissolved. The alleged promise was not in the nature of an admission of partnership liability, which was held competent in *Gay* v. *Bowen,* 8 Met. 100, but related to an undertaking wholly outside the business of the firm.

*Decree affirmed with costs.*