BRAINTREE NATIONAL BANK *vs.* ERNEST H. PAYNE & another.

Norfolk.    November 9, 1938. — May 23, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Bills and Notes,* Discharge.    *Accord and Satisfaction.*

A finding was warranted that there was an accord and satisfaction relieving the maker of a mortgage note from liability thereon under G. L. (Ter. Ed.) c. 107, § 142 (4), where he conveyed the mortgaged property without consideration to one who made repairs thereon and paid the interest on the note for several years, pursuant to the payee's promise to cancel the note upon such conveyance.

CONTRACT. Writ in the District Court of East Norfolk dated May 26, 1937.

Upon removal to the Superior Court, the action was tried before *Walsh,* J.

*R. A. Hunt,* for the plaintiff.

*G. W. Abele,* for the defendants.

LUMMUS, J. The defendants obtained a verdict in an action upon a mortgage note for $2,100 and interest, given by them to the plaintiff bank on December 5, 1927. The

only exception argued is to the denial of the plaintiff's motion for the entry of a verdict for the plaintiff under reserved leave. G. L. (Ter. Ed.) c. 231, § 120. Treating that exception as raising the question whether the evidence warranted the verdict for the defendants (*Potter* v. *Dunphy*, 297 Mass. 345), we find no error.

There was evidence that on April 28, 1931, a committee consisting of the plaintiff's cashier, now deceased, and two directors, was appointed to serve "relative to the Payne mortgage"; that the committee never made a formal report; that the defendants offered to surrender the mortgaged property to the plaintiff, but the cashier said that the plaintiff did not want it; that the defendants then offered to convey the property to one Reynolds, who was more responsible and who would make considerable repairs, if the plaintiff would relieve them of liability on the mortgage note; that the cashier undertook to consult the officials of the plaintiff about that proposal; that later the cashier said that it would be all right to convey the property to Reynolds and that the plaintiff would cancel the note; that the defendants on May 8, 1931, conveyed the property to Reynolds without receiving any consideration from him; that Reynolds, though he signed no note, did make repairs to the extent of $1,500 and upon notice from the plaintiff paid the interest to the plaintiff for more than five years, during which the defendants had nothing to do with the property and had no communication with or from the plaintiff about it or the mortgage note.

It could have been found that there was an accord and satisfaction, bringing the case within G. L. (Ter. Ed.) c. 107, § 142 (4). See also *Pearson* v. *O'Connell*, 291 Mass. 527, 528. The defence does not depend upon a renunciation under § 145. Williston, Contracts, (Rev. Ed.) §§ 1189, 1192, 1832, 1833.

*Exceptions overruled.*