JOHN B. EMERSON & another *vs.* ROY B. DEMING.

Worcester.    September 25, 1939. — December 6, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Payment.    Accord and Satisfaction.*

If a wife advanced money to her husband which he, with funds of his own, lent to a third person, who thereafter gave each a promissory note, the two notes aggregating less than the amount of the loan, and the notes were given and accepted as extinguishing the debt therefor, there was an accord and satisfaction of that debt for consideration notwithstanding that the notes were never paid in full.

A husband and wife were not entitled to maintain a joint action for money advanced or for money had and received against one who, in satisfaction of the claim, had, for an adequate consideration, given each of them a note for so much of the advance as represented his or her personal funds respectively.

CONTRACT OR TORT. Writ in the Central District Court of Worcester dated January 2, 1936.

The plaintiffs were husband and wife. The declaration as amended was in four counts. The first count was for "money advanced by the Emersons," and the second for "money had and received by the defendant to the use of the plaintiffs," both according to an account annexed. The account annexed set out the original advance "by the Emersons" of $10,000, charged interest of $4,725, and credited payments "on account of interest" amounting to $2,302.90, leaving a balance due of $12,422.10. The third

count was for false and fraudulent representations of the defendant in inducing the plaintiffs to advance $10,000 to him. The fourth count was for the conversion of $10,000, "the property of the plaintiffs," upon which the defendant had "paid on account . . . $2,227."

Upon removal to the Superior Court, the action was heard by an auditor and afterwards by *Leary*, J.

*E. A. Brodeur*, for the plaintiffs.

*J. M. Bashaw*, for the defendant.

RONAN, J. In this action of contract or tort, the plaintiffs seek to recover for money which they were induced, on February 15, 1928, to advance to the defendant on account of his fraudulent representations concerning the purpose for which he intended to use it. Among other defences the answer set up payment, statute of limitations, accord and satisfaction, and a discharge in bankruptcy. The case was heard in the Superior Court upon the report of an auditor, and the defendant's motion for the entry of judgment was allowed. The plaintiffs excepted to the refusal to grant certain requests for rulings.

The auditor found the following facts: The defendant, after a visit to Florida during the winter of 1928, met Mrs. Emerson in Boston and informed her that he had won $41,000 upon a horse race, but that it was necessary for him to have $10,000 to exhibit to those who had won the money for him in order to show that he could have paid if he had lost, and if Mrs. Emerson and her husband would give him $10,000 he would give them one half of the $41,000. Emerson withdrew $1,500 from his bank deposit, borrowed $2,500 from another bank and $1,500 from the account of an automobile company, known as the Preston Auto Company, in which he was interested. Mrs. Emerson withdrew $4,000 from various bank accounts standing in her name and that of her son, and borrowed $500 from a friend. This money was given to the defendant, who went to Florida and lost it in betting upon a horse race. The defendant, upon his return from Florida, went to the home of the plaintiffs and informed them that he had lost the money and agreed to pay them at the rate of $5 a week. Such pay-

ments were made by him commencing June 27, 1928, and ending May 2, 1935. These payments totalled $2,227. Within a few weeks after he lost the money he gave Mrs. Emerson his promissory note for $4,500 and one for $1,500 to Mr. Emerson. The defendant received a discharge in bankruptcy on October 23, 1936, upon a petition in which were listed the notes he had given to the plaintiffs. The auditor further found that the money was obtained from the plaintiffs by the false and fraudulent representations of the defendant; that "the notes given by the defendant to the plaintiffs were given in discharge of his indebtedness to them for the amount of money which represented their personal funds that went into the $10,000." The judge found that the notes were given by the defendant and accepted by the plaintiffs in satisfaction and extinguishment of the original indebtedness; that there was an accord and satisfaction supported by a consideration; that the only remedy the plaintiffs had was upon the notes; that there could be no recovery upon the pleadings, as holders of separate notes were joined as parties plaintiff; that the discharge in bankruptcy barred recovery on the notes; and that the original cause of action for deceit was barred by the statute of limitations, as the payments of the defendant were made upon the notes.

Enough appears from the report to warrant the finding that the plaintiffs knew the financial condition of the defendant when he received the $10,000. Their claim against him for damages for deceit was unliquidated and they held no security for his indebtedness. It is significant that the note given to each plaintiff represented the amount of money each plaintiff had obtained from his personal funds, including the $500 which Mrs. Emerson had borrowed. The plaintiffs were content, in the circumstances, to obtain notes for this amount of money. The notes were recognized as valid and outstanding by the defendant. They were listed in his petition in bankruptcy filed in 1934. The dates of the notes are not shown by the report of the auditor and the notes were not produced at the hearing before him. They might have been barred by the statute of limitations

and therefore not required to be listed, unless the defendant believed that the payments he had made were made on account of the notes. On the other hand, the plaintiffs received these payments for the entire period of seven years during which they were made. An inference was permissible that these payments were made upon the notes and that the notes were given and accepted in discharge of the defendant's indebtedness. *Curtis* v. *Hubbard*, 9 Met. 322. *Stebbins* v. *North Adams Trust Co.* 243 Mass. 69. *Dow* v. *Poore*, 272 Mass. 223.

It is the contention of the plaintiffs that the judge erred in finding that there was an accord and satisfaction, because there was no consideration to support an accord and satisfaction as the amount of the notes was less than the amount due the plaintiffs, and, further, there has been no satisfaction because the notes have not been paid.

If we assume that the defendant did not dispute his liability for the total amount advanced to him and that the amount of his indebtedness was liquidated, then an agreement to give and accept in full discharge of this indebtedness an amount less than that which was admittedly due would not be binding and would not prevent the creditor from enforcing payment of the balance of his debt. The reason for the rule is that there is no consideration for the promise of the creditor to relinquish the excess due beyond the amount paid. *Rowland* v. *Hackel*, 243 Mass. 160. *Bascombe* v. *Inferrera*, 271 Mass. 296. *Caragulian* v. *Rudd*, 282 Mass. 260. *Waitzkin* v. *Glazer*, 283 Mass. 86. *Sandler* v. *Green*, 287 Mass. 404. The application of the rule does not extend beyond the limits upon which it is based, and if the agreement for accord and satisfaction is shown to rest upon a new consideration, in the way of some benefit to the creditor or detriment to the debtor, then such an agreement is valid, although the consideration need not be adequate if it was valuable. *Brooks* v. *White*, 2 Met. 283. *First National Bank* v. *Watkins*, 154 Mass. 385. *M. E. Hall Co.* v. *Gale*, 248 Mass. 299. *Dondis* v. *Lash*, 277 Mass. 477. *Wallin* v. *Smolensky*, 303 Mass. 39, and cases cited. *Braintree National Bank* v. *Payne*, 303 Mass. 184. *Chicago,*

*Milwaukee & St. Paul Railway* v. *Clark,* 178 U. S. 353. *San Juan* v. *St. John's Gas Co. Ltd.* 195 U. S. 510.

We assume that the bank accounts from which Mrs. Emerson withdrew the money were her property although the accounts stood in the name of her son and herself. It was a question of fact whether the plaintiffs were acting as principals in dealing with the defendant or whether one was acting as principal for himself and as agent of the other. *Groce* v. *First National Stores Inc.* 268 Mass. 210. *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540. The report does not disclose when or by whom the money was turned over to the defendant. Emerson accompanied him to Florida upon the trip during which the money was lost by the defendant. The report of the auditor was the only evidence submitted to the Superior Court, and the general finding for the defendant imports the drawing of all rational inferences and the finding of all subsidiary facts necessary to support that conclusion of which the report was susceptible. The report was sufficient to warrant the finding, which apparently the judge made in reaching his conclusion that there was consideration for the accord and satisfaction, that the husband was the principal in the transaction with the defendant and that the wife advanced the money to him in order to enable him to make the loan to the defendant. *Standard Oil Co. of New York* v. *Malaguti,* 269 Mass. 126. *Ballou* v. *Fitzpatrick,* 283 Mass. 336.

If Mrs. Emerson had lent the money to her husband, she could not maintain any action against him to recover it. *Gahm* v. *Gahm,* 243 Mass. 374. *Giles* v. *Giles,* 279 Mass. 284. The defendant could not be required to pay her the amount of her husband's indebtedness to her and he was under no obligation to deliver a promissory note to her to reimburse her on account of her loan to her husband. There was consideration for that note and it was a binding obligation of the defendant. *Morse* v. *Mason,* 103 Mass. 560. *Morrison* v. *Boston Ins. Co.* 234 Mass. 453. *Barnett* v. *Rosen,* 235 Mass. 244. *Perlmutter* v. *Holsberg,* 282 Mass. 421.

The acceptance of the notes would constitute an accord

and satisfaction of the original indebtedness, if that was the intention of the parties. It is usually a question of fact whether the acceptance of a note is taken in full discharge of a prior indebtedness or whether the agreement of the parties was that the indebtedness was not to be satisfied except by payment of the note. *Tuttle* v. *Metz Co.* 229 Mass. 272. *Banionis* v. *Lake,* 289 Mass. 146. *Sherman* v. *Sidman,* 300 Mass. 102. *Zlotnick* v. *McNamara,* 301 Mass. 224. *J. P. O'Connell Co.* v. *Maryland Casualty Co.* 302 Mass. 232. The finding of the judge that the notes were given by the defendant and accepted by the plaintiffs in satisfaction and extinguishment of the original indebtedness was warranted. *J. W. Grady Co.* v. *Herrick,* 288 Mass. 304. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564.

The defendant never made any payments upon the original indebtedness. His payments were all made upon the notes. None of these payments could be considered as an acknowledgment by the defendant that he recognized the existence of the original indebtedness. Moreover, such payments would not furnish any basis for an implied promise to pay such indebtedness. The statute of limitations was a bar to actions on the original indebtedness and the claim for false and fraudulent representations. *Gillingham* v. *Brown,* 178 Mass. 417, 424. *Wendell* v. *Clark,* 240 Mass. 562. *United States* v. *Wilder,* 13 Wall. 254. *Freiberg* v. *Pierce,* 83 Fed. (2d) 961.

There was no error of law in the denial of the plaintiffs' request for a finding in their favor upon all the evidence and there is nothing in the other requests requiring further discussion.

*Exceptions overruled.*