*Northern District*

No. 4983

**TRIMOUNT AUTOMATIC SALES, INC.**

v.

**COLONIAL OPERATING COMPANY, INC.**

Filed January 21, 1965

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Whitney, J.* in the District Court of Central Middlesex (Concord). No. 21033.

*Brooks, P. J.* This is an action of contract to recover $270.00 representing three months rental claimed by plaintiff of defendant for background music supplied defendant at its place of business. The answer as amended was general denial, payment, and accord and satisfaction.

The evidence material to the issue before us is contained in the trial judge's findings

and rulings hereinafter set forth. Defendant filed the following requests for rulings which were as follows:

1. Upon all the evidence a finding for plaintiff is warranted.

2. Defendant is bound by the terms of the Subscriber Contract as to method and manner of termination. G. L. c. 106, §1-102(3).

3. The parties to a contract may require Registered Mail as the effective means of conveying termination notices by one party to another. G. L. c. 106, §1-102(3).

4. Notice by Regular Mail is insufficient if the contract between the parties calls for notice by Registered Mail. Cf. G. L. c. 4, §7-44.

5. The rule of *Durkin v. Siegel,* 340 Mass. 445, 165 N.E. 2d 81 (1960), which allows the use of Registered or Certified Mail under statutes providing for notice by regular, or ordinary, mail cannot be availed of by defendant to alter a contractual requirement of notice by Registered Mail, "the most carefully supervised available method(s) of mail delivery", to the use of ordinary mail.

6. There is no evidence to warrant a finding that any other notice of alleged termination of the contract between the parties exists or was given other than by a letter of defendant to the plaintiff dated January 8, 1963.

7. As a matter of law, the letter of January 8, 1963, of the defendant to the plaintiff does not constitute notice of termination, irrespective of the mode of delivery to the plaintiff.

8. Parole evidence is inadmissible to alter the terms of the contract between the parties since it speaks for itself in declaring that it constitutes the entire agreement between the parties.

9. Default by defendant in payments under the contract cannot be used as a notice of termination of said contract, since defendant is precluded from taking advantage of its own default. *Murray v. Edes Mfg. Co.,* 309 Mass. 395.

10. As a matter of law, no notice of termination was given by defendant to the plaintiff.

11. As a matter of law there has been neither accord nor satisfaction between the parties.

12. As a matter of law, no waiver or renunciation has been signed and delivered by the aggrieved party, plaintiff, to the party committing the breach of contract, the defendant, so as to discharge plaintiff's claim, as provided in G. L. c. 106, §1-107.

13. As a matter of law, there was no consideration for any accord or satisfaction between the parties in the absence of a communication provided for in G. L.

c. 106, §1-107. *Emerson v. Deming,*
304 Mass. 478, 23 N.E. 2d, 1016.
14. A parole agreement to accept part of
a debt from the debtor in full satis-
faction for the whole is not binding
for want of consideration. *Howe v.*
*Mackay,* 5 Pick. 44; *Twitchell v. Shaw,*
10 Cush. 46, 64 Mass. 46; *Curran v.*
*Rummell,* 118 Mass. 482.

The court made the following findings and
rulings:

The plaintiff corporation was in 1960 and
still is in the business of renting out equip-
ment to furnish so called "background"
music. It also furnishes the phonograph
records to be played on the equipment
and, as part of its services to customers,
periodically changes the records.

The defendant corporation owns and oper-
ates the Colonial Inn, a hotel in Concord,
Massachusetts.

On *July* 8, 1960 duly authorized officers
of both parties signed a contract, introduced
into evidence at the trial, which provided,
in substance, that the plaintiff would furnish
the necessary equipment and phonograph
records for "background music" at the
Colonial Inn for a period of three years,
effective July 1, 1960 in return for the
payment of a music service fee by the
defendant of $30.00 per month. The con-
tract further provided that it should con-
tinue in effect for subsequent three year
periods unless terminated by either party

by written notice sent by registered mail at least ninety days prior to the expiration of the first three year period or any subsequent three year period.

Sometime in October of 1962, the general manager and president of the defendant, to wit: Loring Grimes, decided to remove the equipment of the plaintiff and replace it with that which he purchased from another party providing a similar service. This was done and the plaintiff's equipment was stored on the premises of the Colonial Inn. In November 1962 one Marshall Glazer, service supervisor at the Inn and a duly authorized agent of the defendant, informed by telephone a duly authorized agent of the plaintiff that the change above mentioned had been made and the plaintiff's equipment was available to be picked up by agents of the plaintiff. The equipment remained in storage and in December of 1962 the said Glazer made another similar telephone call.

Also in December 1962 a duly authorized agent of the plaintiff went to the Colonial Inn for the purpose of changing the phonograph records and could not locate the plaintiff's equipment.

The defendant has paid the plaintiff on a regular monthly basis of $30.00 per month through October of 1962.

On January 8, 1963 Mr. Loring Grimes, acting for the defendant, wrote to the president of the plaintiff corporation requesting

release from the contract and also stating the plaintiff's equipment was available to plaintiff.

Later the same month the said Grimes called the said Bond on the telephone and it was agreed between them that if the defendant would pay the plaintiff for services for the months of November and December 1962 and January of 1963 that the contract would be terminated as of February 1, 1963. At the time of the conversation both individuals were duly authorized to act for the plaintiff and defendant respectively.

On March 1, 1963 the plaintiff's agents sent a bill of $90.00 to the defendant for the months as set forth above which the defendant paid on or about March 7, 1963. At the time of the trial the plaintiff's equipment was still in storage at the Colonial Inn premises.

The question before the court is whether or not the oral conversation and agreements made between said Grimes and said Bond which took place in January 1963 and the subsequent payment by the defendant to the plaintiff was an accord and satisfaction sufficient to terminate the original written contract. The court so finds.

I find for the defendant. I rule on the plaintiff's requests for rulings of law as follows:

"1.   Allowed see findings.
  2.   Denied.

3. Allowed.
4. Allowed however there was a subsequent agreement between the parties that the contract be terminated without compliance with provisions thereof for registered mail.
5. Allowed see findings.
6. Denied.
7. Allowed.
8. Denied a written contract may be subsequently altered by oral agreement.
9. Allowed.
10. Denied.
11. Denied.
12. Allowed, however there was an accord and satisfaction between the parties.
13. Denied.
14. Allowed.

There being a finding for the defendant his requests for rulings of law are treated as waived.

A motion for a new trial was duly made, heard, and denied.

This Report contains all the evidence material to the question reported.

The plaintiff claiming to be aggrieved by the denial of plaintiff's requested rulings numbered 2, 6, 8, 10, 11, 13 and 14, I hereby report the denial of plaintiff's requested rulings numbered 2, 6, 8, 10, 11, 13 and 14 to the Appellate Division for determination."

■ The issue is whether the trial court was justified in its finding that there was an accord and satisfaction. "Whether there has been a compromise, settlement or accord and satisfaction, it remains a question of fact whether the Concannons in some manner have relinquished their rights in respect of damages." *Concannon v. Galanti,* 348 Mass. 71.

■ That there was an accord, that is to say an agreement between the parties, is quite clear. The best impartial proof of this was the bill for $90 representing the agreed settlement figure covering the months of November, December and January sent to defendant on March 1. It would seem that had there been no agreement to forego further rent, this bill would have included an item for rent at least for the month of February.

■ To establish the element of satisfaction it is necessary to prove consideration.

■ Payment of a lesser sum than the amount of a debt without other factors will not discharge the debt since the debtor gives up nothing to the creditor—in other words, there is no consideration. *Hastings v. Lovejoy,* 140 Mass. 261, 264.

■ However, the court does not appraise the amount of consideration. *Brooks v. White,* 2 Met. 283, 285; *W. E. Hall Co. v. Gale,* 248 Mass. 299, 302; *Barnet v. Rosen,* 235 Mass. 244, 249. "It is enough if the consideration is valuable; it need not be adequate."

The case of *Train v. Gold,* 5 Pick. 380, 383 is still law. In that case it was contended

that defendant's promise of indemnity was not binding because not supported by sufficient consideration. The court said, "Whatever doubts may have formally existed as to written contract not under seal it is now well settled that all executory contracts whether verbal or written if not under seal are void as between the contracting parties unless they are made on a good consideration. But if a contract is deliberately made without fraud and with all full knowledge of all the circumstances the least consideration will be sufficient."

*Emerson v. Deming,* 304 Mass. 478, 481 was an action of contract to recover money and defendant had set up the defense of accord and satisfaction. The court after discussing the general rule that where there is no consideration, that is no accord and satisfaction, said, "The application of the rule does not extend beyond the limits upon which it is based if the agreement for accord and satisfaction is shown to rest upon a new consideration in the way of some benefit to the creditor or detriment to the debtor then such an agreement is valid although the consideration need not be adequate if it is valuable," See also 6 Col. Law Review 582.

██ The consideration in this case is the relieving plaintiff of certain obligations set forth in the contract as follows:

"1. Keeping in good repair the above-described equipment.

2. Insert five (5) replacement records in the Seaburg Music Library.
3. Inserting a Christmas Library during the holiday season.
4. Change diamond stylii periodically."

This situation differs from the simple payment of a debt which is a unilateral act. In the case before us there is a continuing obligation the discharge of which involves mutuality in return for payment of services rendered during November, December and January. Defendant releases plaintiff from all further services. It is unimportant whether they are onerous or otherwise. If they have any value they constitute good consideration for the release of the defendant from its obligation to make further rental payments. If the consideration is good even if possibly inadequate the result is an accord and satisfaction.

We find no error in the court's findings and rulings.

Report dismissed.

Paul William Garber, of Boston, for the Plaintiff.

Jones, Sherburne, Powers & Needham, of Boston, for the Defendant.