Gershengorn, J.
This is an action filed by plaintiff, Premier Capital, Inc. (“Premier”), seeking to recover the balance it claims defendant, Richard E. Dolan, Jr. (“Dolan”), owes on a promissoiy note, which was secured by a mortgage on certain property located on Hosmer Street, Acton, Massachusetts. Plaintiff now moves for summary judgment on the grounds that there are no genuine issues of material fact and that monies Dolan paid to the Federal Deposit Insurance Corporation (“FDIC”) merely discharged the mortgage securing the loan, leaving a balance due under the note. Dolan responds that a genuine issue of material fact exists as to whether the monies he previously paid were accepted in full settlement of the loan or merely to discharge the mortgage securing that loan. For the reasons set forth below, Premier’s motion for summary judgment is allowed.
BACKGROUND
The following facts are undisputed. Dolan was the maker of three promissory notes, two of which were secured by mortgages on certain property located on Nason Street, Maynard, Massachusetts (“Nason Street loans”),[1] and one of which was secured by a mortgage on certain property located on Hosmer Street, Acton, Massachusetts, the loan of which is the subject of this suit (“Hosmer Street loan”). On November 17, 1988, Dolan executed and delivered a promissory note in writing to Bank Five Savings (“Bank”), evidencing the Hosmer Street loan, whereby Dolan promised to pay the Bank $150,000 at a rate of twelve percent per annum to be paid in monthly installments. The unpaid principal was due on November 17, 1989. On August 17, 1994, the FDIC notified Dolan that he was in default of the Hosmer Street loan and demanded payment of the unpaid balance. On September 9, 1994, Dolan offered to pay the FDIC $110,000 as payment in full on the Hosmer Street loan. Art Lozano (“Lozano”), a credit specialist employed by the FDIC, advised Dolan, by letter dated September 13, 1994,[2] that “the FDIC has agreed to Discharge its first lien mortgage on the property located at 47 Hosmer Street ... in exchange for a $110,000.00 payment.”[3] On October 14, 1994, the FDIC notified Dolan’s attorney that it was willing to discharge its first lien mortgage on Dolan’s Hosmer Street property for $110,000. Dolan claims that he subsequently called Lozano and that Lozano confirmed that the FDIC would accept $110,000 in full settlement of the Hosmer Street loan. On October 20, 1994, Dolan’s attorney forwarded to the FDIC Dolan’s check in the amount of $110,000 together with a letter stating that the enclosed check *138 represented the “mortgage payoff' on the Hosmer Street loan and further requested a discharge of the Real Estate mortgage and Security Agreement, and Assignment of Leases and Rentals upon “receipt of [the] mortgage payoff funds.”
Thereafter, on December 15, 1994, the FDIC Insurance Unit requested that Dolan provide it with a copy of the insurance policy on the Hosmer Street loan naming the FDIC as the mortgagee/loss payee. Dolan returned said letter with a handwritten note informing the FDIC that the Hosmer Street loan was “paid off.” On December 21, 1995, the FDIC notified Dolan that the Hosmer Street loan was being transferred to Premier in a bulk sale.[4] After Premier informed Dolan that he was in default and demanded payment, Dolan notified Premier that the loan was paid in full and that no monies were due. Premier then forwarded to Dolan a copy of the FDIC’s discharge of the mortgage which had secured the Hosmer Street loan.[5] The FDIC’s discharge does “not acknowledge satisfaction of the debt secured thereby.”
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the moving party does not have the burden of proof at trial, the movant may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion ...” Pederson, 404 Mass. at 17.
I. Accord and Satisfaction
Plaintiff argues that Dolan’s payment in the amount of $110,000 only discharged the mortgage and that Dolan still owes money on the underlying obligation of the note. Dolan has raised the defenses of accord and satisfaction, compromise and settlement, and/or waiver, claiming that his payment of $110,000 to the FDIC settled in full the Hosmer Street loan pursuant to his oral agreement with Lozano.
In order for an accord and satisfaction to have taken place, there must be (1) “a bona fide dispute [between the parties] as to the existence or extent of liability”; (2) a subsequent agreement “under the terms of which the dispute was compromised by the payment by one party of a sum in excess of that which he admittedly owed and the receipt by the other party of a sum less than what he claimed was due him, all for the purpose of settling the dispute”; and (3) “a performance by the parties of the agreement.” Rust Engineering Co. v. Lawrence Pumps, 401 F.Sup. 328 (D.Mass. 1975).[6]
There is no dispute that Dolan owed plaintiff $ 150,000 as evidenced by the promissory note. Therefore, even assuming, as alleged by Dolan, that Lozano orally agreed in a telephone conversation with Dolan that the FDIC would accept $ 110,000 as settlement in full of the Hosmer Street loan, no accord and satisfaction could have taken place when Dolan paid $110,000 to settle the undisputed debt of $150,000. See Emerson v. Deming, 304 Mass. 478 (1939) (“an agreement to give and accept in full discharge of indebtedness an amount less than that which was admittedly due is not binding and will not prevent the creditor from enforcing payment of the balance of the debt”); Longo Electrical Co. v. Dumais, 1 Mass.App.Ct. 830 (1973) (although defendant believed that the $1,248.70 bill was too high, there was no dispute as to the actual amount of the bill; and, therefore, defendant’s payment of $846.70 did not constitute an accord and satisfaction).
Dolan argues that Emerson, 304 Mass. 478, ruled that the giving of a note of a lesser amount than that which was due constitutes an accord and satisfaction of a preexisting debt; and that, therefore, although he did not give the FDIC a note as the debtor did in Emerson, he did indebt himself to a bank in order to pay the FDIC $110,000. However, in Emerson, unlike the instant action, the note was supported by consideration. Dolan’s payment of $110,000 was not supported by consideration. Accordingly, the Court finds and rules as a matter of law that there was no accord and satisfaction, compromise and settlement, or waiver.
II. Cancellation and Renunciation
G.L.c. 106, §3-605 provides that a party may cancel or renounce its rights in an instrument by clearly canceling the instrument on its face, by a signed writing, or by surrendering the instrument to the party to be discharged.[7] The parties do not dispute that the note at issue was not altered in any way on its face. Further, there is no evidence that the FDIC or Premier renounced their rights in writing or that the FDIC or Premier surrendered the note to Dolan. Accordingly, the Court finds and rules as a matter of law that neither the FDIC nor Premier canceled or renounced their rights in the note; and, therefore, Dolan has not been discharged from his underlying obligation on the note.
ORDER
It is hereby ORDERED that plaintiffs Motion for Summary Judgment is ALLOWED.

The two Nason Street loans were settled in full for $67,210.00.

The Court has denied Dolan’s motion to strike certain materials submitted by plaintiff in support of its motion for summary judgment, specifically the letter dated September 13, 1994, the letter dated October 20, 1994, and Defendant’s Answers to Plaintiffs First Request for Production of Documents. The Court will therefore consider these documents in its determination of the instant motion.

The Court notes that, with regard to the Nason Street loans, the FDIC, in a letter dated May 10, 1994, advised Dolan that “the FDIC has agreed to accept a $67,210.00, payment as settlement in full of [the Nason Street loans].”

The agreement between the FDIC and Premier, whereby the Hosmer Street loan was sold in a bulk sale to Premier, provided that Premier could sell back loans if all obligators would have been discharged for a no asset bankruptcy, the court made a final determination that no monies were due under the obligation, or the FDIC released all obligators from their obligations in a written release.

Dolan claims that he did not receive the FDIC’s discharge until more than a year after the discharge and only after the FDIC had sold the loan to Premier, thus not observing that the discharge purported to “not acknowledge satisfaction of the debt secured thereby.”

Since a compromise and settlement and/or waiver are tantamount to an accord and satisfaction under the circumstances of this case, the Court need only look to the law of accord and satisfaction to determine the outcome of the instant motion.

G.L.c. 106, §3-605 provides:
(1) The holder of an instrument may even without consideration discharge any party
(a) in any manner apparent on the face of the instrument or the endorsement, as by intentionally canceling the instrument or the party’s signature by destruction or multilation [sic] or by striking out the party’s signature; or
(b) by renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged.
(2) Neither cancellation nor renunciation without surrender of the instrument affects the title thereto.