*Western District*

## THIRD NATIONAL BANK & TRUST COMPANY
### v.
### FRED T. STAGNARO

*Present*: Garvey, J. (Presiding) & Hobson, J.

Case tried to *Sloan, J. in* the District Court of Springfield. No. 158,892.

(Argued: April, 1962—Decided: May, 1962)

*Hobson, J.* This is an action to recover from an endorser, the deficiency of $2185.68 due

on a note secured by a chattel mortgage on a used 1955 International tractor and a used 1949 Trailmobile tandem box, after the plaintiff had foreclosed its mortgage on and sold said chattels and applied the net proceeds received from the sale to the balance due.

The parties are agreed upon the following facts: That on *March* 3, 1959, Stagg Lines, Incorporated, made a certain promissory note by which it promised to pay the plaintiff the sum of $5707.37, and before delivery of the note, the defendant, who was the President of the corporation, endorsed the same; that the note was secured by a chattel mortgage on a used International tractor and a used 1949 Trailmobile tandem box; that the maker of said note failed to make monthly payments and the plaintiff, pursuant to the terms of the mortgage, after giving due notice to the maker of the note, the then debtor, foreclosed its mortgage and sold the said chattels for $1600.00; that the amount due on the note at the time of the sale was $3542.77; that the amount due for the expenses of repossession and sale of the chattels was $242.91, which, after deducting same from the amount received at the sale, left $1357.09 to be applied to the amount due on the note; that after deducting this sum from the amount due at the time of sale, namely, $3542.77, there was left a deficiency of $2185.68; that the plaintiff brought this action against the defendant, as endorser of the note, to recover this deficiency; that at the time of the repossession and fore-

closure sale of the chattels St. 1960, c. 173, amending G. L. c. 255B, hereinafter set forth, was not in effect; that said c. 173 was in full effect at the time the suit was brought and on the return day of the writ, to wit, *October* 15, 1960; that on the return day of said writ the plaintiff did not file the affidavit as set forth in said c. 173.

The defendant filed five requests for rulings of law. The first request was to the effect that an endorser of a negotiatable promissory note is a debtor and entitled to all the rights and defenses as the maker of said note; the second and third requests were that by the terms of the security agreement attached to the plaintiff's declaration, defendant was entitled to reasonable notice of the time and place of the sale of the collateral which was sold by the plaintiff and the failure of the plaintiff to give such notice relieved the defendant from any liability for any deficiency remaining after the sale of said collateral; and the fourth and sixth requests were to the effect that as endorser of the note, the plaintiff's failure to file the affidavit required by St. 1960, c. 173, relieved the defendant from the payment of any deficency on said note.

The trial judge denied the defendant's requests and found for the plaintiff. The defendant claims to be aggrieved by the denial of his requests and by the finding for the plaintiff.

The relevant statute involved in this case is St. 1960, c. 173, which reads:

"Chapter 255B of the General Laws is hereby amended by inserting after Section 20 the following section: Section 20A. The maker of a note secured by a mortgage or conditional sales contract, relating to the sale of a motor vehicle which has been repossessed, shall not be liable in a suit for a deficiency thereon after sale pursuant to the terms of said mortgage or conditional sale contract, unless the holder of said note shall on the return day of said action file an affidavit signed by the purchaser at said foreclosure sale stating the price paid for said motor vehicle and the date and place of the sale." *Approved March* 10, 1960.

The contention of the defendant is that inasmuch as the plaintiff admittedly did not, on the return day of his writ, file any affidavit by the purchaser, giving the information set forth in said c. 173, the defendant, now standing in the position of the maker of the note, is not liable for the deficiency on the note.

We have then for determination whether said c. 173 is retrospective or prospective only.

The law on this question is well set forth in *Smith v. Freedman,* 268 Mass. 38, 40, where the Court says:

"It is a general rule of interpretation that all statutes are prospective in their operation, unless an intention that they shall be retroactive appears by necessary implication from the language used, or the object sought to be accomplished. It was said in *Hanscom v. Malden & Melrose Gas Light Co.,* 220 Mass. 1, at page 3, 'Doubtless all legis-

lation commonly looks to the future, not to the past, and has no retroactive effect unless such effect manifestly is required by unequivocal terms. It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action'."

This case held that St. 1928, c. 317, entitled "An Act to facilitate the recovery of damages in certain motor vehicle cases", did not impair or modify the fundamental rights of a defendant, but related solely to evidence and the conduct of trials in court, and therefore applied to cases pending at the time of its enactment. Likewise, in *Duggan v. Bay State Street Railway Co.,* 230 Mass. 370, the Court held that St. 1914, c. 553, which shifted the burden of proof in relation to contributory negligence from the plaintiff to the defendant, made no change in the substantive law and the statute was one of procedure and therefore was retroactive.

C. 173 is not a statute regulating practice, procedure and evidence, but is one, in the instant case, which would not only impair, but completely wipe out fundamental and substantive rights which accrued to the plaintiff after the foreclosure sale, if said chapter was held to be retroactive.

The most opportune and practical time to obtain the required affidavit would be at the time of the sale. If, as in this case, no affi-

davit was then required, there was no occasion to obtain it. No doubt there have been many sales which took place many months and years before the effective date of c. 173, where the purchaser could not now be found to sign such an affidavit, and if this act was to be held retroactive, the plaintiff would be barred from recovering a deficiency which at the time of the sale he was entitled to, certainly an impairment of his fundamental and substantive rights. If the Legislature intended this act to be retrospective it should have said so in no uncertain terms.

The recent case of *Ostertag v. Cahalin,* 343 Mass. 523, is decisive of the instant case. This was a motor tort action in which the plaintiffs, husband and wife, were denied recovery because their car was illegally registered in the name of the wife and the husband had knowledge of the illegal registration. The accident occurred in Arlington on November 30, 1958. The writ was dated March 26, 1959. Subsequently the Legislature enacted St. 1959, c. 259, amending G. L. c. 90, §9, entitled "An Act providing that the failure to register or the improper registration of a motor vehicle shall not be deemed to render the vehicle a nuisance or to render any person a trespasser on a highway." The Supreme Court held that this statute was intended as an abolition of the rule of *Dudley v. Northampton St. Ry.,* 202 Mass. 443, and that, however unsound, that rule settled the substantive rights of the parties. The Court

further said there is no mandate to make St. 1959, c. 259 retrospective and no such intention appears by necessary implication and therefore held that the amendment is confined to prospective operation.

■ Therefore St. 1960, c. 173 has no retrospective effect and applies only to causes where the repossession and sale of chattels pursuant to the terms of a mortgage or conditional contract of sale took place after the effective date of said chapter.

We find no error in the denial of the defendant's requests for rulings numbered 4 and 6.

■ The defendant also contends that he was entitled to reasonable notice of the time and place of the sale of the collateral sold by the plaintiff; that the plaintiff failed to give him such notice, and therefore the defendant is relieved from any liability for the deficiency remaining after the sale of said collateral, and that the denial of his requests for rulings numbered 1, 2 and 3 constitutes prejudicial error.

The trial judge made only a general finding for the plaintiff. We have no way of knowing whether he reached his conclusion in favor of the plaintiff because of his ruling that the defendant was not entitled to any notice of the time and place of sale of the collateral, or because he found that, if he was entitled to notice of the time and place of sale, he had received such reasonable notification thereof

as was contemplated by G. L. c. 106, §9-504 (3).

We are of the opinion that the defendant, as endorser, was a debtor at and before the time of the sale as the maker had theretofore dishonored the note.

In considering the question as to whether or not the defendant was entitled as a debtor to notice of the time and place of sale of the collateral, it is to be noted that under the provisions of said G. L. c. 610, §9-504(3) no notice is required to be sent by the secured party to the defendant in cases where the collateral is perishable or threatens to decline speadily in value, or is of a *type customarily sold on a recognized market* (Emphasis supplied). It is a matter of common knowledge that the collateral herein being considered was a type customarily sold on a recognized market and therefore no notice had to be sent to the defendant. If we are correct in holding that no notice to the defendant was required, then there was no error in the denial of the defendant's requests for rulings numbered 1, 2 and 3.

■ If the trial judge was wrong in his denial of said requests, and if we are wrong in holding that the defendant was entitled to no notice, then we are still of the opinion that there was no prejudicial error on the part of the trial judge in the denial of said requests because we think that on the facts admitted, found or indisputable, it could properly be found that any required notice of the time

and place of sale of the collateral was sent to the defendant. The statute above referred to is entirely silent as to how the notice should be sent. There is no requirement that it should be delivered in hand or sent by registered or certified mail. In fact there is no requirement that the notice shall be in writing. The only requirement is that "reasonable notification" shall be sent to the defendant. There was evidence that notice of the time and place of sale was sent to "Stag Lines, Inc." (the maker) "Attention: Fred T. Stagnaro" (the defendant). There is nothing in the report to show that this evidence was disputed or that this notice did not come to the attention of Mr. Stagnaro (the defendant). It could properly be found that the notice was sent to the defendant.

The direction that this notice, sent to the maker, Stag Lines, Inc., be given to the defendant was a reasonable notification sent to him as it gave him all the information necessary to enable him to be present at the time and place of sale if he so desired. This is all that said statute requires.

We base our decision that the denial of defendant's requests numbered 1, 2 and 3, relative to notice, does not constitute prejudicial error, so as to require a new trial, on what the Supreme Court in effect says in *Frost v. Kendall*, 320 Mass. 623, 626, that where there has been a full hearing upon the merits of a case and it appears from the facts admitted, found or indisputable, that a certain

conclusion is required as a matter of law and that the judge reaches that conclusion even after making an error in the disposition of the requests, his conclusion is not to be set aside; that the party against whom the decision was made has not been harmed because in no event was he entitled to a favorable decision and the other party should not be compelled to undergo the delay and expense of a second hearing when it is clear that no other or different decision can result. The defendant has had his day in court and is not entitled to another.

Here, the facts admitted, found or indisputable, show that the required "reasonable notification" of the time and place of sale of said collateral had been sent to the defendant and that a finding for the plaintiff was required as a matter of law and that the finding should not be set aside.

While the report does not definitely state that the trial judge made a finding for the plaintiff, reference to the docket entries, which we are entitled to use for this purpose, shows the following: February 27, 1961, No. 5, finding for the plaintiff and disposition of requests for rulings filed.

No prejudicial error found. The report should be dismissed.

Lloyd S. Bardach of Springfield for the Plaintiff.
J. Arthur Hickerson of Springfield, for the Defendant.