*Municipal Court of the City of Boston*
No. 84138
E. F. LYNCH, INC., d/b/a
v.
ARTHUR J. PICCIRILLI
(November 15, 1963—February 11, 1964)

*Present*: Gillen, J. (Presiding), Lewiton & Roberts, JJ.

Case tried to *Adlow, C. J.*

*Gillen, J.* This is an action in contract in which the plaintiff seeks to recover the sum of $190.93 in two counts. The first count is on a written lease for the rental of a truck and the second count is for the balance due on the rental of truck, both counts being for the same cause of action. The answer is a general denial.

*There was evidence that* on November 28, 1962 the defendant rented a truck from the plaintiff, and at the time of said rental signed a rental lease which provided in part for a rental of $9.50 per day, two (2) dollars per day charge for insurance, eleven (11) cents per mile, and all loss, costs and attorneys' fees in the event suit is instituted by the plaintiff. Admitted into evidence was a rental lease, a copy of which was annexed to the report. The lease was signed by an agent of the

plaintiff and by the defendant. There was evidence by the defendant that at the time he signed the lease he had no opportunity to examine it carefully and regarded it essentially as a receipt for the car.

*There was evidence that* at the time of the rental the defendant paid $25.00 on account of charges to be incurred and that later that day his wife advanced $40.00 in addition for the same purpose. *There was evidence that* at some time during the night of November 28, 1962 the truck was stolen from the location near defendant's home where it was parked; that it was located in Attleboro several days later; and the plaintiff incurred expense in the amount of $167.22 to bring the truck back from Attleboro and repair same. In this action the plaintiff seeks to recover this sum plus an attorney's fee, making in all the sum of $190.93. Aside from these charges there were incurred charges of $56.89 which were charged against the deposit of $65.00 made by the defendant.

At the close of the evidence the plaintiff requested the court to rule that

1. The lease agreement provided for liability for all loss regardless of fault and is binding on the defendant.

The trial judge denied this request and found as a fact viz:

"I find that the agreement for truck rental, particularly Clause 10, is unenforceable for the reason that it was unconscionable at the time it was made. G. L. c. 106, §2-302. I do not find that the de-

fendant was responsible for the loss of the truck or for the expense of its recovery."

The trial judge found for the defendant. The plaintiff claims to be aggrieved by the denial of the request for rulings and by the findings of the trial judge. G. L. c. 106, §2-302 reads in part:

"When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination."

The report does not disclose that the above procedure was adopted or followed at any time in the instant case. At the hearing before this Division this failure was called to our attention and argued by the plaintiff at length. Consequently there should be a new trial of the entire case.

The order is *Finding for the defendant vacated; New trial ordered.*

Irving Goodman, of Boston, for the Plaintiff.

Jacob M. Atwood, of Boston, for the Defendant.