No. 149695

## ONE TWENTY CREDIT UNION

v.

## GERARD DARCY

Argued: June 7, 1968    Decided: June 19, 1968

*Present:* Adlow, C.J., Foster, J., Gorrasi, Sp. J.

Case tried to *Shamon, J.,* in the Municipal Court of the City of Boston.

*Adlow, C. J.*   Action of contract to recover a deficiency on an installment note after the repossession and sale of the collateral security.

While the case was submitted on an agreed

statement of facts it is unfortunate that we must fall back on the court's findings to unveil the true situation underlying the dispute. From these it would appear that the defendant executed a note in favor of the plaintiff in the amount of $1,512.00 and for security gave a chattel mortgage on an automobile. On November 29, 1965 the plaintiff repossessed the car and sold same at auction on December 30, 1965. The net amount realized at the sale was $787.00. It was admitted by the treasurer of the plaintiff company that no notice was sent to the defendant of the time or place of the sale. There was a finding for the defendant and the plaintiff brings this report.

There was no error. G.L.c. 106, § 9, 504(3) provides in part with respect to the disposition of collateral after default.

> "Unless the collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor."

This particular statutory provision was passed with a view to protecting the interest of the borrower. The court has expressly found that the collateral, a 1963 Ford, was not perishable or one which "threatens to decline speedily in value" or is a type "customarily sold

on a recognized market." In the known circumstances the provisions of the statute must be followed. They were not in the cause under review. *Young* v. *Capen,* 7 Met. 287, *Bruce* v. *Keough,* 7 Cush. 536, 537, *Mogul* v. *Boston Acceptance Co.,* 328 Mass. 424, *Clark* v. *A & T Transp. Co., Inc.,* 330 Mass. 327.

Report dismissed.

MAXWELL KREAM,
of Boston for the Plaintiff.

JAMES A. DAVEY,
of Boston for the Defendant.