No. 173837

*Western District*

**JEAN M. DUFF, p.p.a. ALBERT J. DUFF**

v.

**ARTHUR J. CHARTIER JR. and BEATRICE CHARTIER**

Argued: Jan. 19, 1971. - Decided: Feb. 12, 1971.

Case tried to *Barnes, J.* in the First District Court of Southern Worcester #70-T-60 S.C. #173837

*Present:* Garvey, P.J., Allen & Dudley, JJ.

**Dudley, J.** This is an action of tort brought to recover damages arising out of injuries sustained by a three year old girl when bitten by a dog owned by the male defendant. The trial judge found for the plaintiff on the counts against him (the only appellant) and for the defendant Beatrice Chartier on the counts against her.

It was stipulated that the dog involved was owned and controlled by the defendant Arthur J. Chartier Jr.

At the trial there was evidence to show that the plaintiff child was for the evening of December 2, 1967 a visitor with her parents at the home of the defendants and while there, was bitten by the dog.

The mother of the child was the only witness to testify. She and her husband and her child went to the home of the defendants about 6:30 to 7:00 P.M. as they often did, for the purpose of playing cards.

Shortly after their arrival the mother and child and the female defendant went into the kitchen. At the time they entered the kitchen, there were several other children there but they left shortly thereafter, leaving the two ladies and the child and the dog alone in the kitchen.

The dog was a German Shepard type mongrel, fully grown and one year old.

Mrs. Duff and Mrs. Chartier were taking the legs off a kitchen table, preparatory to replacing them with new ones. When last seen by her mother, five or six minutes before the incident, the child was sitting on the floor beside the dog which was lying on the floor. She was not playing with the dog. Prior to the evening on which the incident occurred, the child had been in the presence of the dog and had played with it many times in the defendant's home.

After five or six minutes elapsed, Mrs. Duff heard her daughter scream, turned and took her daughter's face from the dog's mouth. At that time the child was still sitting on the floor and the dog was still lying on the floor beside her.

During the five or six minutes prior to the scream, Mrs. Duff did not hear her daughter say anything nor were there any noises, barks or growls.

The child suffered permanent disfuguring

scars resulting from the injuries received when bitten by the dog.

The defendant seasonably filed requests for rulings as follows:

1. As a matter of law the plaintiff has not sustained the burden of proving that she was not teasing, tormenting or abusing the dog at the time of the alleged accident.

2. As a matter of law the plaintiff has not sustained the burden of proof and cannot recover.

3. The plaintiff has the burden of proving that she was not teasing or tormenting the dog at the time of the accident.

The trial Court denied request #1 and #2 — but allowed request #3.

The court found on the subsidiary facts set forth above, that the child was injured by being bitten by a dog owned by the male defendant and that at the time she was bitten she was not a trespasser nor was she teasing, tormenting or abusing the dog or committing any other tort.

The defendant, claiming to be aggrieved by the denial of his first two requests claimed a report to this Appellate Division.

The incident sued on took place on *December 2, 1967*. The writ was entered *July 7, 1969* and the case was tried below subsequent to that date.

This action is brought under G.L. c. 140, § 155.

When the incident occurred on *December 2, 1967* the Statute provided — "If any dog shall do any damage to either the body or property of any person, the owner or keeper, or if the owner or keeper be a minor, the parent or guardian of such minor, shall be liable for such damage, unless such damage shall be occasioned to the body or property of a person who at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog."

This statute was amended by St. 1968, c. 281 which was approved *May 18, 1968,* becoming law 90 days thereafter.

The amendment added the following sentence to the existing statute: — "If a minor, on whose behalf an action under this section is brought, is under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action."

The defendant cites many cases in his brief, relying on the defense in substance that the burden is upon the plaintiff to prove that at the time of the accident the plaintiff was not committing a trespass, or other tort and was not teasing, tormenting or abusing the dog and

that the plaintiff failed to sustain that burden.

In allowing the defendants' request #3 the Court ruled to the effect that the burden was on the plaintiff to sustain such proof.

This Court does not agree with the trial judge in allowing request #3 but that issue is not raised by the claim of report and the allowance was harmless error.

For purposes of clarification this Division will outline briefly some of the law as set forth in Supreme Court decisions prior to the amendment of 1968.

At common law, there was no liability for dogs and other domestic animals if the animal was rightly in the place where the mischief was done, unless it appeared that the animal was viscious and that such fact was known or ought to have been known by its keeper. *Splaine* v. *Eastern Dog Club,* 306 Mass. 381.

G.L. cc. 140 & 155 providing that the owner or keeper of a dog shall be liable to a person injured by a dog created a new and different cause of action from that existing at common law. *Canavan* v. *George,* 292 Mass. 245.

In *Rossi* v. *Del Duca,* 344 Mass. 66 involving an eight year old girl bitten by a dog, the Court said: — ''It is clear both from the pleadings and the evidence that the plaintiff seeks to recover under G.L. cc. 140 & 155, which was amended by Statute of 1934 which reads 'If any dog shall do any damage to — any person — the owner — shall be liable for such

damage unless the — injured party was committing a trespass or other tort or was teasing, tormenting or abusing such dog.' Under this statute, unlike the common law, the owner is liable without proof of negligence on the part of the owner or proof that the owner was guilty of any other fault or know or had reason to know of any extraordinary or dangerous propensity of the dog and even without proof that the dog in fact had any such propensity. *Leone* v. *Falco,* 292 Mass. 299.

It is to be noted that the strict liability imposed by the statute is of no avail to the plaintiff if at the time of the injury he "was committing a trespass or other tort, or was teasing, tormenting or abusing the dog and it is incumbent upon the plaintiff to plead and prove that he has done none of these things." *Sullivan* v. *Ward,* 304 Mass. 614.

Every word of a statute is to be given effect if it is reasonably possible, as a general rule. *Commonwealth* v. *McCaughy,* 9 Gray 296. *Bolster* v. *Commr. of Corp.,* 319 Mass. 81.

The long established rule relating to the burden of proof of an exception was stated in *Ansell* v. *Boston,* 254 Mass. 208, 211 as follows: — "The rule as to burden of proof, applicable both to criminal and civil cases, is that, where the duty or obligation or crime is defined by statute, if there be an exception in the enacting clause, or an exception incorporated into the general clause, descriptive of the

duty or obligation or crime, then the party pleading must allege and prove that his adversary is not within the exception; but if the exception is in a subsequent, separate or distinct clause or statute, then the party relying on such exception must allege and prove it." See *Garvey* v. *Wesson,* 258 Mass. 48,51.

In *Curran* v. *Burkhardt,* 310 Mass. 466 the Court said "The plaintiff in order to recover was required to show that his injuries were caused by a dog that was owned or kept by the defendant and that at the time of his injuries he was not committing a trespass or other tort nor teasing, tormenting or abusing the dog. — or in other words that his own wrongful act did not contribute to his injury." See cases cited.

In *Sullivan* v. *Ward,* 304 Mass. 614 the Court said: "Neither the provisions of G.L. cc. 140 § 155 in the amended form appearing in St. 1934 c. 320, § 18 nor those of G.L. c. 231, § 85 place upon the defendant in an action for damage done by a dog the burden of establishing that the plaintiff was injured while he was teasing, tormenting or abusing the dog."

In the case of *Malchanoff* v. *Truchart,* 354 Mass. 118 the Court said: — "The statute imposes strict liability on the owner or keeper of a dog which shall do nay damage to the body or property of any person, and proof that the owner was negligent, or otherwise at fault, or that he knew of any dangerous propensities

of the dog is not essential to recovery. But the burden was on the plaintiff to prove that she was not teasing, tormenting or abusing the dog.'' The Court also said that the age of the child (age three years) was relevant in determining whether or not the child was capable of teasing, tormenting or abusing the dog. See also *Koller* v. *Duggan,* 346 Mass. 270.

As the result of the *Malchanoff* case G.L. c. 140, § 155 was amended by St. 1968, c. 281. The amendment added to the statute defining liability, the following: — ''If a minor on whose behalf an action is brought under this section is under seven years of age at the time the damage is done, it shall be presumed that such minor is not trespassing or teasing or tormenting or abusing the dog and the burden of proof thereof shall be on the defendant in such action.'' See Rodman Mass. Practise Series, Vol. 10 Sec. 801 footnote.

If the amendment of May 1968 is retrospective in effect the burden of proof that the child in the instant action was committing a trespass or was teasing, tormenting or abusing the dog was on the defendant.

Statutes dealing with the remedy and not with substantive rights are retrospective in application. *Ring* v. *Woburn,* 311 Mass. 679, 682. *Greenaway's Case,* 319 Mass. 121, 123. *Berkwitz, Pet'r,* 323 Mass. 41, 47.

In the case of *Perry* v. *Boston Elevated Reg.,* 322 Mass. 206 the Court said in speaking

of G.L. c. 231, § 85 — relative to presumption of due care on the part of the plaintiff and burden of proof of contributory negligence being on the defendant, "The statute did not change the substantive law of negligence in any respect but simply affected procedure and the burden of proof." *Duggan* v. *Bay State R.R.,* 230 Mass. 370, 377. *Levy* v. *Steiger,* 233 Mass. 600, 601.

In *Kagan* v. *United Vacuum Appliance Corp.,* 357 Mass. — (1970 AS 949) the Court said "The general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect on existing rights, remedies and obligations.

Doubtless all legislation commonly looks to the future, not to the past, and has no retroactive effect unless such effect manifestly is required by unequivocal terms.

It is only statutes regulating practise, procedure and evidence, in short, those relating to remedies and not affecting substantive rights that are commonly treated as operating retroactively, and as applying to pending actions or causes of action." There are many cases in this Commonwealth holding that statutes dealing with the remedy are retrospective. *Goddn's Case,* 323 Mass. 397. *Atty. Gen'l.*

v. *Flynn*, 331 Mass. 413. *Lindberg* v. *Tax Commr.*, 335 Mass. 141 and others cited.

These statutes do not create new wrongs but merely relate to the remedy or procedure. See 19 A.L.R. 3rd, 138.

Where statutes relate merely to the remedy or procedure and do not affect substantive rights, they have generally been held to operate retroactively. *Greenaway's Case*, 319 Mass. @ 123. *Devine's Case*, 236 Mass. 588. *Hollingsworth* v. *Recorder*, 266 Mass. 45. *Ahmed's Case*, 278 Mass. 180, 189.

In *Leone* v. *Falco*, 292 Mass. @ 303, the court said: — "Doubtless one of the purposes of G.L. c. 140, § 155 was to relieve as a matter of procedure, a person injured by a dog from the burden of proving all of the essentials of the common law liability." N.B. This case was tried prior to the enactment of the amendment of 1968 but referred to a prior amendment. We rule that the same interpretation applies in the instant action.

We rule that the amendment of 1968 was retrospective in effect and that the burden of proving that the injured child was committing a trespass or other tort or was teasing, tormenting or abusing the dog at the time that the injuries were sustained was not on the plaintiff but was on the defendant.

The defendant failed to sustain this burden.

We rule that the denial of defendants' re-

quests for rulings #1 and #2 was not prejudicial error.

We rule that the allowance of defendants' request for ruling #3 was harmless error.

There being no prejudicial error, **the report is dismissed.**