*Southern District*

No. 27018

### ANNA L. REYNOLDS

*v.*

### PREFERRED MUTUAL INSURANCE CO.

No. 27126

### PREFERRED MUTUAL INSURANCE CO.

*v.*

### CERTIFIED REMODELING ASSOCIATES, INC.

Argued: Dec. 21, 1971 - Decided: Sept. 21, 1972

*Present:* Murphy, P.J., Rider, Covett, JJ.

Case tried to *Horrocks, J.* in the Fourth District Court of Bristol on March 22, 1971, No. 27, 126.

*Covett, J.* This is an action in contract with a third party action in contract and tort. The issues raised on appeal involve only the third parties.

*At the trial there was evidence tending to show that* the plaintiff, Anna L. Reynolds, contracted with Certified Remodeling Associates, Inc., the third party defendant, on February 5, 1969, to install new gutters on her house. The work was completed and on July 29, 1969, while the third party plaintiff, Preferred Mutual Insurance Co., had a Homeowner's Policy in force with the plaintiff, she sustained water damage loss to her house. The court found that this was caused by rain water which leaked into the attic as a result of negligent installation of gutters by the third party defendant.

The contract between plaintiff and the third party defendant contained the following provision:

> "Contractor will do all said work in a good workmanlike manner. Upon written notification from the owner of a defect in workmanship or material, the contractor will repair the same if such a defect exists but in no event shall the contractor be liable beyond the cost to it of labor and materials."

The third party defendant repaired the gut-

ters on October 31, 1969, without charge, and no claim was ever made by the plaintiff against the third party defendant.

The parties by stipulation agreed to treat the action of Preferred Mutual Insurance Co. against Certified Remodeling Associates, Inc., as a third party action.

The third party plaintiff's action against the third party defendant is in two counts, in contract and tort respectively:

(1) that the third party defendant has breached the contract made between themselves and the plaintiff, and to which the plaintiff's rights thereunder have been subrogated to the third party plaintiff;

(2) that the third party defendant owed a duty of reasonable care to all persons holding an interest in plaintiff's house in constructing gutters on plaintiff's house, that third party plaintiff, by virtue of insuring plaintiff's house under the Homeowner's Policy then in force was thus within the class of persons to whom the third party defendant owed a duty of reasonable care, and that the third party defendant negligently selected and installed materials, thereby breaching the duty of reasonable care owed to the third party plaintiff.

The answer of the third party defendant is a general denial and it has not been amended.

At the close of the trial and before the final arguments the third party plaintiff made the

following requests for rulings of law material to the appeal of the third party action:

"9. Where the seller at the time of contracting has reason to know any particular purpose for which goods are required and that the buyer is relying on the seller's skill or judgment there is unless modified under General Laws Chapter 106, section 2-316, an implied warranty that the goods shall be fit for such purpose."

"10. The provisions of General Laws Chapter 106, Section 2-316 do not apply to sales of consumer goods, services or both."

"11. Any language oral or written, used by a seller or manufacturer of consumer goods and services, which attempts to exclude or modify any implied warranties of merchantability and fitness for a particular purpose or to exclude or modify the consumer's remedies for breach of those warranties is unenforceable."

"12. Injury to property is a proper element of consequential damages recoverable as a result of any breach of warranty."

"13. The evidence is insufficient as a matter of law to warrant a finding for the third party defendant, Certified Remodeling Associates, Inc., against the third party plaintiff, Preferred Mutual Insurance Co."

The court denied only requested ruling #13.

The third party defendant duly made the following requests for rulings:

"*Four:*— Where the evidence shows that after the third party defendant had performed repair work on property of the original plaintiff and thereafter a dispute arose between those two parties as a consequence of which the third party defendant did additional repair work, the third party defendant cannot have a finding or judgment entered against it in an action in which it has been impleaded where the court finds an accord, later satisfied, as between the original plaintiff and the third party defendant."

"*Five*:—Where the agreement between the original plaintiff and the third party defendant provided, 'upon written notification from the owner of a defect in workmanship or material, the contractor will repair the same if such a defect exists but in no event shall the contractor be liable beyond the cost of labor and materials,' no finding or judgment can be made against the third party defendant beyond the scope of that limit of liability."

"*Six:*— As a matter of law, a finding must be entered in favor of the third party defendant."

"*Seven:*— As a matter of law, the evidence does not support a finding that the third party defendant did or failed to do anything that caused or contributed to plaintiff's alleged damage."

The court allowed all of the above requests for rulings [of the third party defendant].

The court, at the request of the third party plaintiff, made the following findings of fact material to the third party action:

"14. The evidence warrants a finding that the subject matter of the contract between Anna L. Reynolds and the third party defendant, Certified Remodeling Associates, Inc., was consumer goods and services."

"16. The evidence warrants a finding that at the time of the sale, the seller, Certified Remodeling Associates, Inc., had reason to know that the siding and gutters to be installed by it were to be used for the purpose of protecting the home and its contents from the weather and that the buyer, Anna L. Reynolds, was relying on its skill in selection and installation."

"18. The evidence warrants a finding that the goods and services selected and performed by the third party defendant, Certified Remodeling Associates, Inc., allowed water to come into the house between March and October of 1969."

"20. The evidence warrants a finding that the work performed, removal and installation of gutters, as it existed between March and October, 1969, would not pass without objection in the trade under the contract description."

"24. The evidence warrants a finding that the third party defendant, Certified Remodeling Associates, Inc., was acting as a seller of

consumer goods and services in its dealings with Anna L. Reynolds."

The court found that the third party defendant, Certified Remodeling Associates, Inc., made the repairs correctly when requested and complied with its contract with the plaintiff by doing so. The court further found that if the defendant insurance company was subrogated to any rights that the plaintiff had against the third party defendant, they were limited by the contract between the plaintiff and the third party defendant. The court found for the defendant, Certified Remodeling Associates, Inc., in the third action of Preferred Mutual Insurance versus Certified Remodeling Associates, Inc.

The third party plaintiff is hereinafter referred to as "Preferred" and the third party defendant is hereinafter referred to as "Certified".

Preferred's appeal is based on four grounds. *First,* as a matter of procedural law, the failure of Certified to plead, or to amend its pleadings to include, the defense of accord and satisfaction made it error to find an accord and satisfaction between Certified and the original plaintiff Anna L. Reynolds. *Second,* as to the contract claim, by the allowance of Preferred's requested rulings of law, namely numbers "9", "10" and "11", it was error to find that Preferred was barred from receiving consequential damages under the breach of warranty claim.

*Third,* as to the contract claim, the granting of Certified's request for ruling number "Five" was error because public policy made the limiting clause in this sale unconscionable and unenforceable. *Fourth,* as to the tort claim, the granting of Certified's request for ruling number "Five" was error because the limiting language did not absolve Certified of the negligence found by the court.

██. We agree with Preferred that it was error to grant Certified's request number "Four" since the affirmative defense of accord and satisfaction cannot be raised where it has not been properly pleaded. *Sale* v. *Dodge,* 324 Mass. 51, 52. *Marr* v. *Heggie,* 317 Mass. 286, citing *Grinnel* v. *Spink,* 128 Mass. 25, *Ulsch* v. *Muller,* 143 Mass. 379 and *Corrigan* v. *Payne,* 312 Mass. 589, 590, 591.

██ Even if the defense of accord and satisfaction were properly pleaded, it would not be valid since the agreement for accord and satisfaction must rest upon new consideration in the way of some benefit to the creditor or detriment to the debtor. *Emerson* v. *Deming,* 304 Mass. 478, 481. The rendition of a performance in any way different from that required by existing legal duty, in accordance with the mutual agreement of debtor and creditor that it shall operate as full satisfaction of the latter's claim, is a discharge of the claim. *Corbin on Contracts,* § 1284. The "satisfaction" of the promise to make repairs of

any defects was merely a fulfillment of the terms of the original contract between parties. See *Trimount Automatic Sales* v. *Colonial Operating Co.*, 30 Mass. App. Dec. 163 and *Eimco Corp.* v. *Joseph Lombardi & Sons*, 162 A.2d 263, 266. There was no consideration to effect a satisfaction under these circumstances. *Parrot* v. *Mexican Central R. Co.*, 207 Mass. 184, 194.

■ Regarding Preferred's second ground: As of the date of this contract, a seller or manufacturer of consumer goods could exclude or modify the implied warranties of merchantability or fitness and limit the remedies for breach of warranty. G.L. c. 106, § 2-316.

Approximately nineteen months after the execution of this contract, c. 880 of the Acts of 1970 was enacted which added section 2-316A to c. 106. This statute excluded the provisions of section 2-316 to sales of consumer goods, services or both. Any attempt to exclude or modify any implied warranties of merchantability and fitness for a particular purpose or to exclude or modify the consumer's remedies for breach of those warranties, are now unenforceable. Preferred has argued that this statute should be applied retroactively.

The findings of facts by the court clearly show that Certified was in its contract with the original plaintiff, Anna L. Reynolds, a seller of consumer goods and services with the requisite knowledge that the gutters were being

installed for a particular purpose and that the buyer relied on the seller's skill or judgment to select or furnish suitable goods. Therefore, warranties of merchantability and fitness for a particular purpose were implied in this contract. G.L. c. 106, § 2-314 and section 2-315. *Neville Chemical Company* v. *Union Carbide Corp.*, 294 F. Supp. 649, 656. The court further found that the implied warranties of merchantability and fitness were breached.

If it were found that c. 106, § 2-316A were to act retroactively upon the contract between the original plaintiff, Anna L. Reynolds, and Certified, then a finding for Preferred, as subrogee of Anna L. Reynolds, would have been warranted if not required.

Where a new statute relates merely to remedy or procedure and does not affect substantive rights it has been held to operate retroactively. *Greenway's Case*, 319 Mass. 121, 123. *Kagan* v. *United Vacuum Appliance Corp.*, 357 Mass. 680, 682. *Hanscom* v. *Malden and Melrose Gas Light Co.*, 220 Mass. 1, 3. *Duff* v. *Chartier*, 45 Mass. App. Dec. 201, 209.

However, G.L. c. 106, § 2-316A affects the substantive rights of the parties. In the absence of clear statutory language, legislation affecting substantive rights is not retroactive. *Shelist* v. *Boston Redevelopment Authority*, 350 Mass. 530. *Massachusetts Bay Transportation Authority* v. *Boston Safe Deposit and Trust Co.*, 348 Mass. 538. *Third National Bank*

*and Trust Co.* v. *Stagnaro,* 25 Mass. App. Dec. 58. Also, see *Annual Survey of Law* (1970) 189 which states that this amendment is "prospective in its treatment". Requests numbers "10" and "11" were properly allowed as correct statements of law though inapplicable to this case.

Certified failed in its attempts to exclude or modify the implied warranty of merchantability or any part of it because the language did not specifically mention "merchantability". Certified also failed to comply with the statutory language requirements in excluding or modifying the implied warranty of fitness. G.L. c. 106, § 2-316 (2), (3)(a). *Neville Chemical Company* v. *Union Carbide Corp.,* 294 F. Supp. 649, 656.

Where the court found breaches of the implied warranties of merchantability and fitness, incidental and consequential damages proximately resulting therefrom may be recovered in the contract action. G.L. c. 106, §§ 2-714 (3) and 2-715 (2)(b). *Neville Chemical Co.* v. *Union Carbide Corp.,* 294 F. Supp. 649, 656. The court erred in finding for Certified in the action of contract.

▮▮▮ Preferred's third ground:

G.L. c. 106, § 2-719 provides:

"(1) Subject to the provisions of subsections (2) and (3) of this section and of the preceding section on liquidation and limitation of damages

(a) the agreement may provide for remedies in addition to or in substitution for those provided in this Article and may limit or alter the measure of damages recoverable under this Article, as by limiting the buyer's remedies to return of the goods and payment of the price or to repair and replacement of non-conforming goods and parts; and replacement of non-conforming goods or parts; and

(b) resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

(2) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this chapter.

(3) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.''

Preferred's argument is based on section 2-719 (3). Whether a contract or any clause of the contract is unconscionable is a matter for the court to decide against the background of the contract's commercial setting, purpose and effect. *Wilson Trading Corp.* v. *David Ferguson, Ltd.*, 297 NYS 2d 108, 112. G.L. c. 106, § 2-302 (1). ''The principle is one of preven-

tion of oppression and unfair surprise." *Milford Finance Corp.* v. *Lucas,* 45 Mass. App. Dec. 53, 61. Unfair surprise is determined by many factors. "These factors include the relation of the parties, whether the seller sought out the customer or whether the customer sought out the seller, the sales techniques involved whether all form contracts in this industry contain the same clause thereby preventing this buyer from shopping on better terms, and how unexpected the clause is in this type of transaction." R.J. Nordstrom, *Handbook of the Law of Sales* (1970) at page 128. When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be given a reasonable opportunity to present such evidence. G.L. c. 106, § 2-302 (2). This is a condition precedent which must be met prior to the trial court's determination of this issue. *E. F. Lynch, Inc.* v. *Piccirilli,* 28 Mass. App. Dec. 49. *Milford Finance Corp.* v. *Lucas,* 45 Mass. App. Dec. 53, 64. There is no evidence in the record satisfying this requirement, therefore, we cannot rule on this point at this time.

However, § 2-719 (2) is also pertinent. The Uniform Commercial Code Comment to this section states that where an apparently fair and reasonable clause, because of circumstances, fails in its purpose or operates to deprive either party of the substantial value of the bargain, it must give way to the general re-

medy provisions of this Article. The limitation of remedy in this agreement must, therefore, be tested at the time of Certified's breach. If the original plaintiff were made whole by the correction of the defective workmanship or material, then she would have the benefit of her bargain.

■ The court found that the damages to her real property because of Certified's breach amounted to $1,759.00. The correction of the defect without compensating the plaintiff for her loss, deprived her of the "substantial value of the bargain"; thus, the remedy failed of its essential purpose. See R. J. Nordstrom, *Handbook of the Law of Sales* (1970) at page 277, John E. Moye, *Exclusion and Modification of Warranty under U.C.C.*, 46 Denver L.J. 579, 621. *Neville Chemical Company* v. *Union Carbide Corp.*, 294 F. Supp. 649, 655.

The general remedy provisions permit the recovery of damages to property proximately resulting from the breach. G.L. c. 106, § 2-715 (2)(b).

Preferred's fourth ground:

■ The limiting clause in this agreement has been construed in some cases sufficient to disclaim liability for negligence. *Shafer* v. *Reo Motors*, 205 F.2d 685. *Southwest Forest Indus. Inc.* v. *Westinghouse Elec. Corp.*, 422 F.2d 1013 citing *Eimco Corp.* v. *Joseph Lombardi & Sons*, 162 A2d 263, *Magar* v. *Lifetime, Inc.*, 144 A2d

747, *National Steel Corp.* v. *L. G. Wasson Coal Mining Corp.,* 338 F.2d 565 and *Fire Ass'n of Philadelphia* v. *Allis Chalmers Mfg. Co.,* 129 F. Supp. 335 and it would appear that the court adopted this rule in allowing Certified's request for ruling number "Five".

At the time of the execution of this contract, a person could make a valid contract disclaiming liability for his negligence in the absence of fraud. *Schell* v. *Ford Motor Co.,* 270 F.2d 384, 386. *Barrett* v. *Conragan,* 302 Mass. 33 and *Henry* v. *Mansfield Beauty Academy, Inc.,* 353 Mass. 507.

However, a disclaimer or a limitation of liability in tort must follow a strict standard. "A contract . . . will not be considered as indemnifying one against his own negligence, or that of his employees, unless its express language requires it. Such an intent must unequivocally appear, and words of general import are not sufficient. It is not to be assumed in the absence of clear stipulation that a contract is to be construed as creating a result so far reaching and involving consequences which may be hazardous and momentous." *Boston and Maine R. R.* v. *T. Stuart and Son Co.,* 236 Mass. 98. *New York, New Haven and Hartford R. R.* v. *Walworth Co.,* 340 Mass. 1. *Doughnut Machine Corp.* v. *Bibbey,* 65 F.2d 634.

It has been held that the word "negligence or any of its cognates" must appear in the disclaimer clause to deprive the normal right

·to recover damages suffered as a result of negligence. *Neville Chemical Company* v. *Union Carbide Corp.*, 294 F. Supp. 649 citing *Morton* v. *Ambridge Borough,* 101 A.2d 661. *Willard ·Van Dyke Prods. Inc.* v. *Eastman Kodak Co.,* 12 N.Y.2d 301. See *Frumer and Friedman, Products Liability,* section 19.07 (1).

The limitations of liability, in this case, refers to a duty to repair defects in workmanship or material. It limits the amount recoverable upon breach of the expressed obligation. There is certainly some doubt whether this language has any application to damage to personal property resulting from negligent workmanship. *Pan American World Airways* v. *United Aircraft Corp.*, 163 A.2d 582, 587. *Newport News Shipbuild. & Drydock Co.* v. *United States,* 226 F.2d 137. *Becker Pretzel Bakeries, Inc.* v. *Universal Oven Co.*, 279 F. Supp. 893. *Aerial Agricultural Service of Montana* v. *Richard,* 264 F.2d 341. *Henningsen* v. *Bloomfield Motors, Inc.*, 161 A.2d 69.

The insurer, Preferred, as subrogee of Anna L. Reynolds, is entitled to recover in contract and tort. *The Travelers Insurance Company* v. —— *Gray,* Mass. Adv. Sh. (1970) 1367, 1369. S.C. 358 Mass. ——.

It was prejudicial error to deny Preferred's request for ruling number "13", and since the denial of this ruling is decisive of the case, it is unnecessary for us to discuss the other requests in detail.

The court has found that the damages sustained by the original plaintiff, Anna L. Reynolds, amounted to $1,759.00. The finding for the third party defendant, Certified, is vacated and a finding is to be entered for the third party plaintiff, Preferred, in the sum of $1,759.00.

*So ordered*

STEPHEN D. CLAPP
  for Third Party Plaintiff
THOMAS F. McGUIRE
  for Third Party Defendant