Welsh, J.
Plaintiff seeks a deficiency judgment of $1,245.00 plus interest and a reasonable attorney fee based on a note and security agreement after crediting the proceeds of sale of the collateral at private sale, to wit, a 1969 Lincoln Mark III automobile. The defendant Valente was the owner of the motor vehicle. The defendant Murphy executed the agreement and note as an accommodation to the defendant Valente.
The answer asserted, inter alia, that the defendant Murphy was not liable for any deficiency because the plaintiff failed to comply with the requirements of the Uniform Commercial Code, Article 9, Part 5 pertaining to notice of sale or disposition of collateral repossessed after default.
The defendant Valente was defaulted for failure to appear or otherwise defend.
The court found for the defendant Murphy on the count germane to this appeal, and entered default judgment against the defendant Valente on both counts.
The plaintiff claims to be aggrieved by the denial of certain requests for rulings. It is unnecessary to consider these in detail because a single question of law is dispositive of this appeal.
At the trial, there was evidence tending to show the following:
In November of 1973, the note in question was in default by reason of nonpayment. The balance then due was $2,246.00. On July 8, 1974, the agent of the plaintiff repossessed the motor vehicle in question. The vehicle was sold at private sale on November 29, 1974 for $ 1300.00. After deducting from the amount realized the costs of repossession, resale, and necessary repairs, the remaining proceeds amounting to $ 1,001.40 were applied to the balance due on the note, leaving a deficiency of $ 1,245.00 principal and $514.30 as interest plus a reasonable attorney fee, as provided in said note. On October 24, the agent for the plaintiff contacted the defendant Murphy by telephone advising that the vehicle had been repossessed and that there would likely be a deficiency in the event of a sale. Murphy said he would contact Valente, the defendant who had previously owned the collateral. Murphy stated that he was responsible for the loans.
It is undisputed that the plaintiff never sent written notice of the repossession and sale *97 of the motor vehicle. The trial judge found that the defendant Murphy never received notice, written or oral, of the intended sale or disposition of the collateral.
There was evidence tending to show that the color, mileage, and condition of the vehicle at the time of repossession were such that $ 1300.00 was the fair market value at the time of repossession.
The defendant Murphy admitted that he first learned of the repossession from a relative shortly after it had occurred.
The issue raised by the denial of Request for Ruling # 11, is dispositive of the case.[3]
G.L.c. 106, §9-504 (3) requires that unless the collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made must be sent to the debtor. There is no evidence in the report, nor is there any finding by the judge, that would suggest that the sale at issue here is within the stated exceptions.
1. The defendant Murphy, as an accommodation maker, is a “debtor” within the meaning of G.L. c. 106, §9-105(d).[4] As such, he was entitled to notice under G. L. C.106, §9-504(3). First National Bank of Denver v. Gillessen, (Colorado Court of Appeals, 1980) 29 U.C.C. Rep. 1714, 1716-1717, and cases collected therein; Third National Bank & Trust Company v. Stagnaro, 25 Mass. App. Dec. 58, 66 (1962).
2. Does failure to give notice as required by G. L. C.106, §9-504(3) ipso facto preclude the secured party from recovering a deficiency judgment? Neither the appellant’s brief nor our own research discloses any decision on this precise point by the Supreme Judicial Court. There are two reported Appellate Division Cases that are in conflict. In Abbott Motors, Inc. v. Ralston, 28 Mass. App. Dec. 35 (1964), it was held that failure to give the required notice does not ipso facto bar the plaintiff from recovery of a deficiency judgment. The author of that opinion cites G. L. c. 106, §9-507 which lists the remedies available to a debtor against a secured party who violates any provision of part 5 of Article 9 dealing with default. The statute is silent on the question of a deficiency judgment and lists several remedies available to the debtor.[5] The weakness with the line of reasoning espoused in the Abbott case is that it fails to take into account that 9-507 does not by its terms purport to be the sole and exclusive remedy available to the debtor. Furthermore, G. L. c: 106, § 1-103[6] makes it clear that unless displaced by the Uniform Commercial Code, the existing law supplements the provisions thereof. Under the Uniform Conditional Sales Act, the right to a deficiency judgment depended *98 upon strict adherence to the statutory requirements. See: Mogul v. Boston Acceptance Co., Inc., 328 Mass. 424, 425-426 (1952); Clark v. A. & J. Transportation Co., Inc. 330 Mass. 327, 329-330 (1953). The court perceived a strong legislative policy in the Commonwealth to protect conditional sales vendees (now “debtors”) from imposition by conditional sales vendors (now “secured parties”). In line with that policy, there is no inconsistency in holding that a secured party is barred from recovery of a deficiency judgment for non-compliance with notice requirements upon repossession of the collateral and at the same time providing the debtor with a cause of action for damages against the secured party.
In many situations, it would be inequitable to limit the debtqr to an action for damages because of the difficulty in establishing any actual damage. To permit the secured party to flout the requirements as to notice upon repossession and disposition of the collateral and to obtain relief by way of a deficiency judgment subject only to liability for damages would not in many cases provide sufficient incentive to secured parties to comply with the statutoiy requirements. There is no compelling reason why a secured creditor’s failure to properly dispose of the collateral should not both bar his recovery of a deficiency judgment and be subject to damages if the debtor can establish them.
The case of One Twenty Credit Union v. Darcy, 40 Mass. App. Dec. 64 (1968) recognizes the fact that in many cases the debtor will not have it within his means to demonstrate that the sale was not conducted in a commercially reasonable manner if he has not received the notices of disposition of the collateral to which he is entitled. The court concluded that failure to comply with the statute barred an action for deficiency judgment. Id. p. 64-65. There is dicta in the case of Mack Financial Corporation v. Malone, 1978 Mass. App. Div. Adv. Sh. 250, 254 which assumes no deficiency could be obtained if proper notice was not received.
In the case of Associate Discount Corp. v. Cary, 47 Misc. 2d 369; 262 N.Y.S. 2d 646 (Civ. Ct. 1965), the Civil Court of the City of New York, after determining that Massachusetts law governed the right to a deficiency judgment where the repossession of collateral occurred in Massachusetts, assumed that Massachusetts law would not permit recovery of a deficiency judgment and held that failure to give notice to the debtor barred recovery. This case was discussed in 10 Annual Survey of Massachusetts Law (1966), §10.6, pp. 139-140.
The legislature has radically circumscribed the remedy hitherto available to a secured party to repossess the collateral and still obtain a deficiency judgment as to retail installment sales of autos and other consumer goods. G. L. C.255B, §§20A and 20B, as amended by St. 1973, c. 629, precludes recovery of a deficiency if the unpaid balance on a car loan is less than $2,000.00 at the time of repossession. The lower limit of $1,000.00 applies to other consumer goods. J. F. Queenan, The New Consumer Repossession Law, 58 M.L.Q. 412, 417-419.
A majority of the commercially significant U.C.C. jurisdictions outside of this Commonwealth have reached the conclusion that the secured party loses his right to a deficiency judgment for non-compliance with the notice provision of Part 5 of Article 9. Camden National Bank v. St. Clair, (Me. 1973) 309 A. 2d. 329. See: Henzey, A Secured Creditor’s Right to Collect a Deficiency Judgment under UCC Section 9-504: A Need to Remedy the Impasse, 31 Bus. Law. 2025 (1976); Annotation in 59 ALR 3d 401 entitled, Uniform Commercial Code: Failure of Secured Creditor to Give Required Notice of Disposition of Collateral as Bar to Deficiency Judgment.
We conclude that compliance with the statute is a condition precedent to the right to recover a deficiency after repossession and that there was no error in the denial of request for ruling #11 and in the judge’s finding for the defendant on Count 1.
The report is dismissed.

So ordered.

 The failure of the plaintiff to comply with the notice provisions of G.L.c. 106, §9-504(3) does not, as a matter of law, bar the plaintiff from recovering any deficiency owed by the defendant, Robert X. Murphy, Sr. Denied.

 'G.L.c. 106, §9-105(d) provides as follows:
Debtor means the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts, contract rights, or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term ‘debtor’ means the owner of the collateral in any provision of the Article dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires.

 G.L.c. 106, §9-507(1) is as follows:
If it is established that the secured party is not proceeding in accordance with the provisions of this Part, disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred, the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this Part. If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time price differential plus ten percent of the cash price.

 G.L.c.l06, §1-103 provides:
Unless displaced by the particular provisions of this chapter, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions. St. 1957, c. 765, §1, effective Oct. 1, 1958.